## LILLIE L. LARSON v. C. C. HORTMAN.[1]

June 25, 1909.

Nos. 16,236—(80).

**Contract—Verdict.**

> Action upon an alleged contract whereby the defendant promised to pay the plaintiff one-half of the amount for which he should sell certain land in excess of $25 per acre. *Held*, that the evidence sustains the verdict for the plaintiff, and that no reversible errors were made, either in the rulings of the trial court as to the admission of evidence or in its instructions to the jury.

Action in the district court for Big Stone county to recover $1,936 on a contract by which plaintiff was to receive a certain sum per acre upon the sale of land by defendant. The case was tried before Flaherty, J., and a jury which rendered a verdict in favor of plaintiff for $1,660.51. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*A. B. Kaercher* and *F. W. Murphy,* for appellant.
*Young & McElligott,* for respondent.

START, C. J.

This cause was brought in the district court of the county of Big Stone to recover one-half of the amount for which the land de-

[1]Reported in 121 N. W. 900.

scribed in the complaint, some two hundred forty acres, was sold by the defendant in excess of $25 per acre. The complaint alleged that the plaintiff had an interest in the land and the parties hereto entered into a contract whereby, in consideration of plaintiff's quitclaim deed of the land to the defendant, he agreed to sell the land within five years and pay to the plaintiff one-half of the purchase price thereof in excess of $25 per acre, and that until such sale was made the plaintiff should remain upon the land and farm the same on shares, the defendant to furnish the seed and the plaintiff to farm the land and raise crops, each to have one-half thereof, and, further, that he sold the land for $41 per acre, but refused to pay to the plaintiff one-half of the excess, $1,936. The answer denied the making of the contract. Verdict for the plaintiff, $1,660.51, and defendant appealed from an order denying his motion for a new trial.

1. The first question presented for our consideration by the assignments of error is whether the verdict is justified by the evidence.

The evidence is practically undisputed that on January 22, 1906, the plaintiff, with her husband, was in possession of the land under and by virtue of an executory contract for the purchase of the land, executed by the owner of the land, Mr. Roswell Graves, and the plaintiff, who made permanent and valuable improvements on the land; that Graves conveyed the land to the defendant by warranty deed, subject to the plaintiff's contract for the purchase of the land; and, further, that on January 24, 1906, the plaintiff made a quitclaim deed, in which her husband joined, of the land to the defendant for the expressed consideration of one dollar and other valuable considerations. The deed also recited that it was given in full satisfaction and discharge of the plaintiff's contract for the purchase of the land. Thus far there is practically no dispute between the parties; but as to what the other considerations were for the plaintiff's deed to the defendant the evidence is conflicting.

The plaintiff gave evidence tending to show that the consideration for the quitclaim deed was an oral contract, which was a part of the same transaction, whereby the defendant agreed to sell the land as soon as practicable, and within five years, and pay to the plaintiff one-half of the amount for which the land should be sold in excess of $25 per acre, and in the meantime rent the land on shares to her

husband; that the land was accordingly rented to the plaintiff's husband; and, further, that the land was sold for $39 per acre.

There was evidence on the part of the defendant tending to show that the sole consideration for the quitclaim deed was his agreement to rent the land to the plaintiff's husband, except that, if he sold the land before the then next fall, he would give the plaintiff one-half of the purchase price in excess of what the land cost him, which was at that time, including incumbrances assumed, approximately $25 per acre.

It is urged by the defendant that the plaintiff had no interest in the land at the time the quitclaim deed and the alleged oral contract were made; hence there was no consideration for his alleged promise to pay to the plaintiff one-half the purchase price of the land in excess of $25 per acre. It does not appear from the record that the plaintiff did not have in fact any interest in the land at the time she made the quitclaim deed; but if, as the defendant asserts, her contract for the purchase of the land had been theretofore forfeited and canceled, yet there was ample consideration to support the defendant's alleged oral contract. His deed, by which he acquired title to the land, was made subject to her rights, whatever they might be, under her contract for the purchase of the land, and she was induced to discharge the contract by her quitclaim deed to the defendant for the consideration claimed by her or for that claimed by him. Under such circumstances the execution of her deed and the surrender of the possession of the land to the defendant by accepting a lease thereof to her husband was a sufficient consideration to support the defendant's oral contract. Upon a full consideration of the evidence, we hold that it is sufficient to sustain the verdict, not only as to the making of the alleged oral contract of the defendant to pay the plaintiff one-half of the amount for which he should sell the land in excess of $25 per acre, but also as to the amount of damages awarded.

2. The defendant further urges alleged errors of the trial court in its rulings as to the admission of evidence. The defendant on the trial made the offer following: "The defendant now offers to show by this witness that the contract, Exhibit C," (plaintiff's contract for the purchase of the land) "was canceled in the month of November, 1905, by the personal service of a written notice of the cancel-

lation thereof upon the plaintiff in November, 1905, and that this witness was present at the making of the service of such notice, and defendant desires to have this witness identify the notice so served, and that such notice was signed by the parties named in Exhibit C." This was objected to by the plaintiff as incompetent, immaterial, and inadmissible under the pleadings; no cancellation of the contract having been pleaded. The objection was sustained, and the ruling is urged as error. We are of the opinion that it was not. The answer expressly alleged in this connection that the plaintiff failed to comply with the conditions of the contract and in consideration of the defendant paying to Graves the indebtedness owing by the plaintiff and her husband to him, amounting to a sum equal to the value of the land, together with mortgages then of record against the same, she satisfied, released, and discharged the contract for a deed of the premises, by conveying the land to the defendant and consenting to the conveyance thereof to him by Graves, and then and there entering into a contract with the defendant in writing to farm the land for the defendant upon shares unconditionally. The issue tendered by the answer was, not that the plaintiff's rights under the statute had been terminated by the service of a notice as required by the statute (R. L. 1905, § 4442), but that she released and discharged her contract for the consideration named. It was this issue the plaintiff was required to meet, not the radically inconsistent claim that her contract for the purchase of the land had been foreclosed by service of the notice, before she released and discharged it by her quitclaim deed in consideration of the defendant's oral contract with her. It is clear that the offered evidence was not admissible under the pleadings. It was also immaterial for the reasons we have suggested in discussing the question of consideration.

An examination of the other assignments of error challenging the correctness of the trial court's rulings as to the admission of evidence discloses no reversible errors. The charge of the trial court, considered as a whole, as it must be, is free from reversible errors.

Order affirmed.