## WILLIAM T. JOHNSON v. FINCH, VAN SLYCK & McCONVILLE.[1]

July 21, 1911.

Nos. 17,179—(233.)

**Injury to servant — verdict sustained by evidence.**

> In an action to recover for personal injuries alleged to have been caused by the negligence of defendant, it is *held* that the evidence supports the verdict, that there were no reversible errors in the instructions of the court, and that the damages, as reduced by the trial court, are not excessive.

Action in the district court for Ramsey county by the father of William Johnson to recover $15,000 for personal injuries sustained by his son. The substance of the pleadings will be found in the second paragraph of the opinion. The case was tried before Brill, J., and a jury which returned a verdict in favor of plaintiff for $10,-800. Defendant's motion for judgment notwithstanding the verdict was denied. Its motion for a new trial was denied, on condition that plaintiff consent to a reduction of the verdict to $9,000. From an order denying its motion for judgment notwithstanding the verdict, and denying a new trial if plaintiff consent to a reduction of the verdict, defendant appealed. Affirmed.

*Morton Barrows,* for appellant.

*Ambrose Tighe* and *James E. Markham,* for respondent.

.1 Reported in 132 N. W. 276.

---

[Note]   Liability of master for injury to servant by defective elevator, see notes in 2 L.R.A.(N.S.) 647; 18 L.R.A.(N.S.) 911; 21 L.R.A.(N.S.) 592.

BROWN, J.

The short facts are as follows: Plaintiff, a young man about twenty years of age, was in the employ of defendant at its wholesale dry goods house, engaged in the general work of assisting in packing and shipping merchandise. In addition to this work, he was occasionally called upon to operate an elevator located in the building, when the regular operator was absent. The elevator extends from the ground to the fifth floor of the building, and was used for both passengers and freight, as occasion required. On the day of the accident here complained of plaintiff had relieved the regular operator of the elevator and had exclusive charge thereof for the time being. He received a call to the fifth floor, and proceeded with his car to that point. Upon arriving there no one appeared, and after bringing the car to a stop he opened the door and stepped out to see if the person calling was about. As he passed out, the car, for some reason and without any act on plaintiff's part, started upward, and plaintiff, in stepping back for the purpose of returning to the car, was tripped by the floor of the ascending car, caused to fall, leaving his body partly within and partly without the door, in which position he was caught and seriously injured.

He brought this action to recover for his injuries, alleging that defendant was negligent in maintaining and operating the elevator, in that it and the machinery connected therewith was old, defective, and unfit for use, so that the elevator cab, instead of remaining stationary when the operating lever or governor was set in proper position, was likely to move upward or downward, creating a danger to persons using the same, and especially to the operator, and that with knowledge of these facts defendant ordered plaintiff to operate the elevator without warning or notice of its unsafe condition. The answer, with respect to the negligence charged, was a general denial. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

It is contended by defendant in this court: (1) That the evidence offered by plaintiff wholly fails to sustain the charge of negligence; that plaintiff's story of the happening of the accident—that

is, of the movement of the car without the intervention of some human agency, and the corroborating testimony of another witness of prior similar movements—is inherently improbable and not worthy of belief; (2) that the court erred in certain of its instructions to the jury; and (3) excessive damages, appearing to have been given under the influence of passion and prejudice.

1. The evidence offered by plaintiff, in addition to showing the happening of the accident in the manner stated, also tended to prove that on three or four occasions prior to the time in question the elevator, after having been brought to rest with the controlling lever in proper position, had of its own motion either moved up or down, and that this fact had been called to the attention of the engineer in charge and the regular operator thereof. On one previous occasion it had so moved with plaintiff, and on three occasions it so moved when under charge of another operator. The evidence also tends to show that no sufficient effort was ever made to discover the cause of this erratic condition or to remedy it. Plaintiff's evidence further tended to prove that, if the elevator machinery was in proper condition of repair, these unassisted movements could not occur, and that the fact that they did occur left the inference of some defect in the machinery or that it was out of order.

On the other hand, the evidence offered by defendant tended quite strongly to sustain the contention that, if the operating lever was placed in proper position after bringing the car to a stop, the voluntary movement of the car could not possibly take place; that the machinery was not defective, nor out of repair, but, on the contrary, soon after the accident to plaintiff, was found in good working order; and that the only truthful theory on which to account for the movement of the car on this occasion is that the controlling lever was not adjusted to its proper position before plaintiff left the car.

We are of opinion that, if the testimony offered by plaintiff be entitled to credence and belief, a case was made for the jury, notwithstanding the persuasive showing made by defendant. From it the jury were justified in concluding that the unaided movement of the elevator was due to some defect in its mechanical attachments, or, if not defective, was not in safe working condition; that this con-

dition was called to the attention of the engineer in charge, and no repair made. The machinery was in the exclusive control of defendant, and plaintiff was not required to show actual defect or want of repair therein. The facts indicated made a prima facie case of negligence within our decisions. Lehman v. Dwyer Plumbing & Heating Co. 104 Minn. 190, 193, 116 N. W. 352; Dahlen v. New York Life Ins. Co. 109 Minn. 337, 123 N. W. 926.

Whether the plaintiff and the witness called by him were worthy of belief, or whether their testimony was fabricated for the purposes of the case, or the facts stated by them so inherently improbable as to be unworthy of belief, was for the jury and trial court to determine. The case was submitted to two juries by the same trial judge, and his approval of their verdict on the last trial, in the face of defendant's contention that the plaintiff's witnesses were unworthy of belief, precludes interference by this court. The position of defendant is not so clear as to warrant us in saying that neither the jury nor the trial court had the right to believe the witnesses produced by plaintiff.

2. The assignments of error challenging the instructions of the court to the jury do not present any reversible error. In stating the rules of law defining defendant's duty to plaintiff, the court said that "it is the duty of the master to exercise reasonable care to furnish machinery for the use of his servant which is free from danger." The correct statement of the law probably is that the master is under obligation to exercise ordinary care to furnish his servant with reasonably safe instrumentalities, etc. But the language used by the court was clearly an inadvertence, and attention should have been called to the matter at the close of the charge. This was not done, nor were any exceptions noted at the trial. The charge, taken as a whole, fully stated the law applicable to the issues presented, with the exception of this technical inaccuracy in language. This furnishes no sufficient ground for a new trial. Sturm v. N. W. Mills Co. 114 Minn. 420, 131 N. W. 472; Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754; Waligora v. St. Paul Foundry Co. 107 Minn. 554, 119 N. W. 395; Koreis v. Minneapolis & St. Louis R. Co. 108 Minn. 449, 112 N. W. 668, 25 L.R.A.(N.S.) 339, 133 Am. St. 462.

The case of Hughley v. City of Wabasha, 69 Minn. 245, 72 N. W. 78, is not in point. The erroneous instructions there complained of were duly excepted to on the trial, and thus the court's attention was called to the error in its statements of the law, and it declined to correct them.

The other instruction complained of, not excepted to on the trial, presents no reason for granting a new trial. Nor can it be held as a matter of law that the damages awarded by the jury are, as reduced by the trial court, excessive.

Order affirmed.