## ANTON PELLOWSKI v. WALTER PELLOWSKI AND ANOTHER.[1]

March 6, 1936.

No. 30,749.

*Webber, George, Owen & Brehmer,* for appellant.
*Brown, Somsen & Sawyer,* for respondent.

I. M. OLSEN, JUSTICE.

Plaintiff appeals from an order denying his motion for a new trial after verdict in defendant's favor.

The action is one to recover possession of certain articles of personal property consisting of oriental rugs, some chairs, and small items of house furnishings. Plaintiff and defendant Walter Pellowski each claimed ownership of and right to possession of the property. The jury returned a verdict in favor of defendant Walter Pellowski. The verdict was a five-sixths verdict. There had been a former trial and verdict for defendant. A new trial had been granted to the plaintiff on the ground of newly discovered evidence. The sole ground here presented for reversal of the order of the

[1] Reported in 265 N. W. 440.

trial court denying the motion for a second new trial is that the verdict is not sustained by the evidence. It would serve no useful purpose here to recite the evidence presented for each of the parties. It is sufficient to say that there is direct conflict in the evidence as to which party purchased and owns the property. The jury could have found either way. It is not for us to determine the credibility of the witnesses. The trial court and the jury, who see and hear the witnesses, are to determine their credibility and the weight to be given to their testimony. Whether the defendant and the witnesses called by him were worthy of belief, or the facts stated by them so inherently improbable as to be unworthy of belief, was primarily for the trial court and jury to determine. Johnson v. Finch, Van Slyck & McConville, 115 Minn. 252, 132 N. W. 276. After two trials, resulting in verdict each time for the defendant, the verdict of the jury here challenged, approved by the trial court, is entitled to great weight. Only in case the evidence for the prevailing party is clearly false or insufficient will this court reverse. We are satisfied that the evidence presented a question of fact for the jury as to the ownership of the property and that the evidence is sufficient to sustain the verdict.

Order affirmed.