## STATE v. HENRY DRESCHER.[1]

June 7, 1946.

No. 34,160.

*Meighen, Knudson & Sturtz,* for appellant.
*Harold C. Lindgren,* County Attorney, for the State.

MAGNEY, JUSTICE.

In a proceeding to determine paternity, defendant was found to be the father of complainant's child. He appeals from an order denying his alternative motion for judgment or a new trial.

The case has been tried twice. Both trials resulted in verdicts of guilty. See, State v. Drescher, 219 Minn. 146, 17 N. W. (2d) 160, where we held that the trial court should in the exercise of its discretion in the furtherance of justice have granted a new trial. Two members of this court dissented.

[1]Reported in 23 N. W. (2d) 533.

A detailed statement of the evidence is set out in our former opinion. As the testimony given by complainant in the second trial is, except as will be pointed out, substantially the same as that given by her in the first trial, nothing can be gained by making a restatement of it. The only new testimony of any materiality given by her was to the effect that Mrs. Drescher, the wife of defendant and complainant's sister, on three different occasions brought to her a box containing pills which, as she said, would induce a miscarriage. Also, that Mrs. Drescher instructed her how to take hot baths which would help bring on the same result. Complainant claimed that she used the pills as directed and also took the baths, but that they did not have the desired effect. It was admitted by complainant that she told no one about this matter until just before the second trial, when she informed the county attorney. The reason she gave for keeping silent was that Mrs. Drescher had told her not to mention it to anyone. Of course, her continued silence tends to discredit her story. There are other minor differences in the testimony given at the two trials, but they need not be discussed.

We expressed our opinion of complainant's testimony in the former opinion. We are still not impressed with it. The new additional testimony may add something to its weight. The difficulty with which we are here presented arises from the fact that two juries have found defendant to be the father of complainant's child, and two capable and experienced trial judges have approved the verdicts.

■ Where a verdict is a second or succeeding verdict and is in accordance with the prior verdict, the reviewing courts are less inclined to set it aside than if it were a first verdict. 3 Am. Jur., Appeal and Error, § 892. In Buenemann v. St. P. M. & M. Ry. Co. 32 Minn. 390, 393, 20 N. W. 379, 380, the court, in the language of Mr. Justice Mitchell, said:

"* * * Although not necessarily controlling, yet the fact that two successive juries have, under proper instructions as to the

law, exonerated the plaintiff from the charge of contributory negligence, is entitled to some weight as tending to show that, at least, there is reasonable ground for a difference of opinion on the question."

And further (32 Minn. 393, 20 N. W. 381) :

"* * * Where the trial court is of opinion that a verdict, although supported by some evidence, is against the great weight of the testimony, they may often be justified in granting a second trial and submitting the case to another jury, when they would not feel warranted in disturbing a second verdict on the same evidence."

In Johnson v. Finch, Van Slyck & McConville, 115 Minn. 252, 255, 132 N. W. 276, 277, the court said:

"* * * The case was submitted to two juries by the same trial judge, and his approval of their verdict on the last trial, in the face of defendant's contention that the plaintiff's witnesses were unworthy of belief, precludes interference by this court. The position of defendant is not so clear as to warrant us in saying that neither the jury nor the trial court had the right to believe the witnesses produced by plaintiff."

In Pellowski v. Pellowski, 196 Minn. 572, 573, 265 N. W. 440, 441, the court made this statement:

"* * * After two trials, resulting in verdict each time for the defendant, the verdict of the jury here challenged, approved by the trial court, is entitled to great weight. Only in case the evidence for the prevailing party is clearly false or insufficient will this court reverse."

In Becker v. Thomson, 208 Minn. 332, 333, 294 N. W. 214, 215, the court stated:

"* * * The evidence pointing to defendant's negligence is such that perhaps we would have found the other way had we been sitting as jurors; but, in view of the fact that two juries have seen fit to believe it, we deem it not within our province to disturb their

finding on this record. Whether certain witnesses are worthy of belief is primarily for the jury and trial court. The testimony on plaintiff's behalf is not demonstrably false nor entitled to no credence. Defendant's liability having been twice determined by different juries, the 'verdict of the jury here challenged, approved by the trial court, is entitled to great weight,' Pellowski v. Pellowski, 196 Minn. 572, 573, 265 N. W. 440, 441, and we will not disturb it unless palpably false or insufficient."

This is not a case like Peterson v. Western Union Tel. Co. 65 Minn. 18, 24, 67 N. W. 646, 647, 33 L. R. A. 302, where the court said:

"* * * As a rule, the court will not set aside a second verdict on account of excessive damages, but where, as in this case, the verdict is controlled by no reason, supported by no justice, and is manifestly the result of passion and prejudice, it is the duty of the court to set it aside, no matter how many similar verdicts may have been previously returned in the case."

There is nothing in the records presented to us to indicate that either verdict was the result of passion or prejudice.

Two juries and two trial judges heard and saw the witnesses and were therefore in a more favored position to pass upon the quality and weight of the testimony. They have all agreed that upon the testimony defendant is the father of complainant's child. It was primarily for these trial courts and juries to make the determination. Their findings tend to show that there is ground for reasonable difference of opinion.

■ Defendant challenges several of the rulings excluding evidence and the refusal of the court to grant a new trial on the ground of newly discovered evidence. We have examined the claimed errors but find no valid ground for complaint which would justify a reversal.

Order affirmed.

PETERSON, JUSTICE (concurring specially).

I concur in the result.