FRANK H. PETERS AND ANOTHER v. ANDREW BODIN AND ANOTHER.[1]

July 9, 1954.

No. 36,306.

[1]Reported in 65 N. W. (2d) 917.

490

*Solomon Wasserman,* for appellants.

*Lawrence O. Larson* and *Freeman, Larson & Peterson,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Actions for injuries and damages arising out of an automobile accident. In the case of Ina L. Peters, the jury returned a verdict in favor of defendant; while in the case of her husband, Frank H. Peters, it returned a verdict of $50 in his favor.

This is an appeal from orders of the trial court denying plaintiffs' motions for orders setting aside such verdicts and granting new trials on the ground that the court erred in instructing the jury as follows:

"I will give you some sections of the statute which may or may not apply, according to the way you see the evidence."

M. S. A. 169.34. "No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer * * *, in any of the following places: * * * (3) within an intersection; (5) on a crosswalk; (6) within 20 feet of a crosswalk at an intersection."

Section 169.35. "* * * each vehicle stopped or parked upon a two-way roadway where there is an adjacent curb shall be so stopped or parked with the right-hand wheels of the vehicle parallel with and within 12 inches of the right-hand curb."

The instructions challenged were followed by the trial court's instruction that:

"* * * violation of any of the provisions * * * which I have just read to you, by either or any of the parties * * * shall not be negligence per se, but shall be prima facie evidence of negligence only. Prima facie evidence is evidence which standing alone and uncontradicted, or unexplained would warrant the conclusion to support

that for which it was introduced. Prima facie evidence of a fact is in law sufficient to establish the fact unless rebutted."

Appropriate and customary instructions with reference to proximate cause were also submitted to the jury.

An additional ground asserted in plaintiffs' motions for new trial related to the court's failure to give certain instructions requested by plaintiffs. It is not assigned as error here. Other assignments of error argued here were not made the basis of plaintiffs' motions for new trial or otherwise presented to the trial court and hence cannot be considered here. Murray v. Wilson, 227 Minn. 365, 35 N. W. (2d) 521; Ball v. Twin City Motor Bus Co. 225 Minn. 274, 30 N. W. (2d) 523; 1 Dunnell, Dig. (3 ed.) § 395b.

The accident occurred March 14, 1950, about 3:30 p. m. near the intersection of Fremont avenue north and Twenty-ninth avenue north, Minneapolis. At this location Fremont avenue north extends northerly and southerly, while Twenty-ninth avenue north extends in an easterly and westerly direction. At the time, Ina L. Peters was driving the automobile of her husband, Frank H. Peters, northerly on Fremont avenue north approaching its intersection with Twenty-ninth avenue north. She had just brought her car to a stop at the east crosswalk of Twenty-ninth avenue north to permit a passenger to alight when her car was struck in the rear by a car belonging to defendant Andrew Bodin driven by his son, Alvin Bodin.

John Dolan, a passenger in defendant's car, testified that at the time he was looking ahead; that he saw Mrs. Peters stop on Twenty-ninth avenue north; that he did not observe her signal her intention of stopping at the time; that she did not stop parallel or close to the right-hand curb of Fremont avenue north but brought her car to a stop on the street some ten feet out therefrom; that the streets were wet; that her car was struck in the rear by defendant's car while her passenger was still standing next to it and was distant some eight or nine feet out from the right-hand curb; that her car had been brought to a stop about five seconds before the accident; and that defendant Alvin Bodin had tried to go to his left around

her car but was unable to do so because of a southbound car approaching him on Fremont avenue north.

Defendant Alvin Bodin testified that just prior to the collision he observed Mrs. Peters traveling in front of him; that he did not see her signal her intention to stop; that there was traffic coming toward him which prevented him from going to the left around her car after it had come to a stop; that when he observed her stop he applied his brakes, but came in contact with the rear of her car at about the time the passenger therein was leaving it; that Mrs. Peters stopped her car approximately ten feet out from the right-hand curb; that when he struck it the passenger was still approximately eight feet out from the curb; and that the impact left a dent of approximately one inch in the rear of plaintiffs' car.

James A. Johnston, the passenger in plaintiff's car testifying on behalf of plaintiff, stated that he had "hitch-hiked" a ride with Mrs. Peters; that she had driven him to Twenty-ninth avenue north; that he stepped out of her car "at the crosswalk" on Twenty-ninth avenue north; and that the pavement was wet.

■ It is obvious that the evidence submitted on behalf of defendant was sufficient to justify the trial court in instructing the jury with reference to the traffic regulations covered by § 169.34. The jury might determine from the testimony of Alvin Bodin, as well as from the testimony of Dolan and Johnston, that Mrs. Peters had brought her car to a stop on or at the crosswalk of Twenty-ninth avenue north where it passes over Fremont avenue north, instead of 20 feet back therefrom as required by the statute. Mrs. Peters did not dispute this, her testimony being that she did not know how far back she was from the crosswalk when her car came to a stop. If the jury determined that her action in stopping at this point without signaling was the proximate cause of the accident, such a finding would of course bar her recovery. In view of her own testimony that the streets were icy at the time, the jury may well have come to this conclusion. See, § 169.34; Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758; Fredhom v. Smith, 193 Minn. 569, 259 N. W. 80; see, also, Grabow v. Hanson, 226 Minn. 265, 32

N. W. (2d) 593. Because such evidence was present, it follows the court did not err in submitting instructions with reference to the statute in question.

■ With respect to § 169.35, the evidence likewise is sufficient to support a finding that the provisions thereof were violated by Mrs. Peters on this occasion. As indicated, this statute requires that on roadways where there is an adjacent curb a vehicle must be stopped parallel to it and within 12 inches thereof. Here the testimony of both Dolan and Bodin was to the effect that Mrs. Peters did not observe this statute but, on the contrary, brought her car to a stop some ten feet out from the right-hand curb, making it impossible for the defendant to drive his car to her left because of oncoming traffic. As indicated, the streets were wet or icy, a sufficient basis for the conclusion that stopping the car in this position was the proximate cause of the accident.

While it is true that she and her passenger, Mr. Johnston, both testified that her car was brought to a stop adjacent to the right-hand curb, it was for the jury to determine which witnesses were giving the correct version with reference to this issue. It chose to believe the testimony of defendant Alvin Bodin and his witness, and we are not authorized to disturb their finding with respect thereto. Pellowski v. Pellowski, 196 Minn. 572, 265 N. W. 440; Johnson v. Finch, Van Slyck & McConville, 115 Minn. 252, 132 N. W. 276.

■ Plaintiff asserts, however, that defendant's negligence was such that as a matter of law it constituted an intervening efficient cause of the accident to insulate the negligence of Mrs. Peters as a proximate cause thereof. We do not agree with this. The evidence would support findings that defendant Alvin Bodin was but 50 feet behind Mrs. Peters when she stopped her car directly in front of him without signaling; that he was then driving 20 miles per hour and immediately applied his brakes; that on account of the icy condition of the streets his car skidded for some 35 or 40 feet and reduced its speed only to 10 miles per hour; that because of the ice he was unable to stop and vainly endeavored to turn his car to the left to avoid the collision but was prevented from so doing because of on-

coming traffic; and that because of all such factors he collided with the rear of the car driven by Mrs. Peters. We do not believe that, as a matter of law, the acts described would constitute an intervening efficient cause of the accident or insulate the negligence of Mrs. Peters as a proximate cause therein. The determination of these questions was well within the province of the jury. Duff v. Bemidji Motor Service Co. 210 Minn. 456, 299 N. W. 196; Brown v. Murphy Transfer & Storage Co. 190 Minn. 81, 251 N. W. 5; Olson v. Purity Baking Co. 185 Minn. 571, 242 N. W. 283.

Barrett v. Nash Finch Co. 228 Minn. 156, 36 N. W. (2d) 526; Medved v. Doolittle, 220 Minn. 352, 19 N. W. (2d) 788; Geisen v. Luce, 185 Minn. 479, 242 N. W. 8; and Denson v. McDonald, 144 Minn. 252, 175 N. W. 108, cases in which the negligence of an oncoming driver was held to constitute an intervening cause sufficient to insulate the negligence of the owner of a parked car on the highway, relied upon by plaintiffs in support of their contention, are clearly distinguishable.

In Barrett v. Nash Finch Co. supra, the oncoming driver was some 150 feet from the parked car when he first saw it and testified that he could have stopped within 30 feet. There was ample room to pass it either in the lane in which he was traveling or to its right on the shoulder of the highway. In Medved v. Doolittle, supra, a parked truck was first observed by the oncoming driver over a quarter of a mile ahead and was in his view until he was about 150 feet therefrom when he turned his gaze and thereafter failed to again look at it until the collision. In Geisen v. Luce, supra, the parked car was within six inches of its right-hand edge of the pavement when the oncoming driver, traveling about 60 miles per hour, turned to his left to pass a car ahead. When the latter simultaneously was turned to its left to pass the parked car, the oncoming driver for the first time observed that a car coming toward him would prevent his passage of the car ahead, and to avoid a collision drove to the left shoulder where his car turned over. There was no contact with the parked car. In Denson v. McDonald, supra, the parked car was immediately adjacent to the right-hand curb. The oncoming driver

carelessly allowed one wheel of his truck to slip into a street excavation, in consequence of which he lost control of his truck and collided with the parked car.

No comment is needed to indicate the clear distinction between the facts in the cases cited and the instant one. Obviously they have no application.

■ Plaintiff assigns as error that "The verdict is not justified by the evidence and is contrary to law." In support of this contention, he argues that the jury, having found defendant guilty of negligence in the Frank Peters case, was required to award him special damages which he incurred as the result of the accident. These he asserts, include the sum of $104 which Peters testified he paid out for medical attention furnished Mrs. Peters as a result of the accident, as well as $60 which Peters testified covered damage to his car. There was testimony that the latter damage was not serious, and it seems clear that the $50 awarded was intended by the jury to cover this item.

With respect to the special damages incurred because of the medical expenses arising from the accident, the trial court instructed the jury as follows:

"* * * Now, if you find that * * * Mrs. Peters was negligent, * * * violated some law or rule of the road and that her negligence contributed to cause this accident, then Mrs. Peters cannot recover and neither can Mr. Peters recover for the medical and hospital services nor for loss of consortium, * * * then Mr. Peters * * * would be entitled to recover for the damage to his automobile, only * * * *."

This instruction is in accord with the established rule that a husband's right to special damages for loss of his wife's services, or for medical and hospital expenses arising out of her injuries is derivative only, so that if she has no valid claim for such injuries, he is likewise without right to recover for such special damages. Mageau v. G. N. Ry. Co. 103 Minn. 290, 115 N. W. 651, 946, 15 L.R.A. (N.S.) 511; Libaire v. Minneapolis & St. L. R. Co. 113 Minn. 517, 130 N. W.

8; Callies v. Reliance Laundry Co. 188 Wis. 376, 206 N. W. 198, 42 A. L. R. 712; Chicago, B. & Q. R. Co. v. Honey (8 Cir.) 63 F. 39, 26 L. R. A. 42; Restatement, Torts, § 494; 27 Am. Jur., Husband and Wife, § 507. The contributory negligence of Mrs. Peters of course would not be imputed to Mr. Peters in his action for damages to his automobile. There was no evidence that she was acting as his agent or was engaged with him in a joint enterprise at the time. This being true, the ordinary relationship of bailor and bailee which existed would not bar his action either under the safety responsibility act, M. S. A. 170.54, or at common law. Frankle v. Twedt, 234 Minn. 42, 47 N. W. (2d) 482; Jacobsen v. Dailey, 228 Minn. 201, 36 N. W. (2d) 711, 11 A. L. R. (2d) 1429; Ristau v. Riley, 230 Minn. 341, 41 N. W. (2d) 772; Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945; Restatement, Torts, § 489; Prosser, Torts, § 55.

The orders appealed from are affirmed.

Affirmed.