BEVERLY ZIEGLER, appellant, v. UNITED STATES GYPSUM COMPANY, INC., appellee.

No. 49813.

(Reported in 102 N.W.2d 152)

APRIL 5, 1960.

Bradshaw & Crawford, of Fort Dodge, for appellant.

Burnquist, Helsell, Burnquist & Kersten, of Fort Dodge, for appellee.

THORNTON, J.—The question for decision is whether a wife is entitled to recover for loss of consortium when her husband is negligently injured arising out of and in the course of his employment while covered by the provisions of the Workmen's Compensation Law.

Plaintiff's amended and substituted petition alleges the employment of her husband by defendant; his injury in the course of his employment on May 16, 1956; he returned to work and the injury was aggravated May 27, 1957; the Industrial Commissioner found the injury of May 27, 1957, to be an aggravation of the first injuries; defendant was negligent in failing to properly train the husband and in placing him on heavy work with knowledge of his condition;.such was the proximate cause of her injuries and damage; her freedom from contributory negligence, but not that of her husband; and that she is deprived of a healthy husband, the company, support, advice, and other happiness and benefits she would have received from him.

Plaintiff's petition as filed August 8, 1958, referred only to the injury of May 16, 1956, and relied on acts of negligence on such date. She amended to allege the aggravation of May 27, 1957. The trial court sustained a motion to dismiss because the action was barred by the Workmen's Compensation Law and the statute of limitations as not being brought within two years after the injury. Section 614.1, Code of Iowa, 1958. Plaintiff filed her amended and substituted petition as above and the trial court again dismissed the same as being barred by the provisions of the Workmen's Compensation Law and because plaintiff did not allege her husband's freedom from contributory negligence. We agree with the result reached.

I. In Acuff v. Schmit, 248 Iowa 272, 78 N.W.2d 480, we held a wife had the right to recover for loss of consortium negligently caused, the same as a husband. At common law the husband had this right as well as his right to recover for other consequential damages, loss of his wife's services and expenses of a cure, suffered by him by reason of her negligent injury. Under section 613.11, Code of Iowa, 1958, the right to sue for the loss of her services and expenses has been given the wife. Acuff v. Schmit, supra; Lane v. Steiniger, 174 Iowa 317, 156 N.W. 375; Woodard v. City of Des Moines, 182 Iowa 1102, 165 N.W. 313; Bohanan v. Maxwell, 190 Iowa 1308, 1320, 181 N.W. 683, 14 A. L. R. 1004.

These rights of recovery by the husband were all based upon the wife's right to recover for her direct injuries. Where

the defendant is not guilty of a tort which would give a right of action to the wife, the husband cannot maintain an action for consequential damages. 41 C. J. S., Husband and Wife, section 401c, page 895; 27 Am. Jur., Husband and Wife, section 506, page 108; Shaw v. Boston American League Baseball Co., 325 Mass. 419, 90 N.E.2d 840; Thibeault v. Poole, 283 Mass. 480, 486, 487, 186 N.E. 632; Peters v. Bodin, 242 Minn. 489, 65 N.W.2d 917; and Naphtali v. Lafazan, 7 Misc.2d 1057, 165 N. Y. S.2d 395, 403.

In 41 C. J. S., supra, the rule is stated: "Ordinarily, the husband is not entitled to consequential damages for injuries to his wife where defendant is not guilty of a tort which would give a right of action to the wife."

And in 27 Am. Jur., supra, as follows: "Generally, however, a cause of action for loss of consortium of the wife does not exist in the husband, unless the defendant would have been liable directly to the wife for the injury to her occasioning the consequential loss to the husband."

In Peters v. Bodin, supra, is this statement at page 496 of 242 Minn., page 922 of 65 N.W.2d: "This instruction is in accord with the established rule that a husband's right to special damages for loss of his wife's services, or for medical and hospital expenses arising out of her injuries is derivative only, so that if she has no valid claim for such injuries, he is likewise without right to recover for such special damages." (Citing cases)

In Shaw v. Boston American League Baseball Co., supra, where plaintiffs were wife and husband, the wife claiming direct damages and the husband consequential damages, the court in passing on a directed verdict, said at page 424 of 325 Mass., page 843 of 90 N.E.2d:

"The plaintiff's position is that of a spectator familiar with the game who was injured by an ordinary risk of the game which she had voluntarily assumed. The judge rightly ordered verdicts for the defendant. The plaintiff's husband could not recover for consequential damages if the plaintiff had no case. Thibeault v. Poole, 283 Mass. 480, 486–487, 186 N.E. 632."

Section 85.20, Code of Iowa, 1954, provides in part, "The rights and remedies provided in this chapter for an employee on account of injury shall be exclusive of all other rights and remedies of such employee, * * * on account of such injury; * * *."

It is clear the portion of the statute just quoted precludes the wife, if she is the employee, from bringing an action at law for damages for injuries so suffered. Under the authorities herein cited the husband would be unable to recover for consequential damages suffered by him as a result of injury to the wife.

The right of the wife to recover for the loss of consortium is coextensive with the right of the husband. Acuff v. Schmit, supra. By the same token she cannot recover for consequential damages as a result of injury to the husband where his right of action has been taken from him by section 85.20.

II. It has been urged section 85.20 also bars any action by the wife, and this may be true. Hilsinger v. Zimmerman Steel Co., 193 Iowa 708, 187 N.W. 493. However, it is unnecessary to determine this and other matters urged in view of our holding in Division I.

The negligent injury gives rise both to the direct action by the injured party and the action for consequential damages. Our holding is that where the direct action cannot be maintained it follows the action for consequential damages cannot be maintained.—Affirmed.

BLISS, GARFIELD, HAYS, THOMPSON, PETERSON, and GARRETT, JJ., concur.

OLIVER, J., not sitting.