Leonette **IRLBECK**, Appellee,

v.

Lee Ann **POMEROY** and Harold L. Pomeroy, Appellants.

No. 55822.

Supreme Court of Iowa.

Sept. 19, 1973.

Edward S. White, Carroll, for appellants.

Claus H. Bunz, Manning, for appellee.

Heard before MOORE, C. J., and MASON, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The issue in this case is whether the guest statute is a defense to a negligence claim by the parent of a minor guest under

rule 8, Rules of Civil Procedure, against the owner and operator of the motor vehicle in which the child was riding. Trial court sustained plaintiff's motion to strike the defense from defendants' answer. We granted interlocutory appeal. We affirm the trial court.

Plaintiff Leonette Irlbeck alleged in her petition that she is the mother of Mary Schoeppner who was fatally injured December 22, 1970, at the age of 18. The child was a passenger in an automobile owned by defendant Harold L. Pomeroy and driven with his consent by defendant Lee Ann Pomeroy when the Pomeroy vehicle collided with another. Plaintiff further alleged her daughter's death was proximately caused by negligence of Lee Ann Pomeroy in the operation of the car in several particulars. She asked damages for lost services, companionship and society from the child's date of death until she would have reached her majority. Defendants specifically denied the negligence, proximate cause and damage allegations of plaintiff's petition and, in addition, alleged "at the time of said collision Mary Schoeppner was riding in said vehicle as a guest passenger and that because of that fact the petition does not as a matter of law state a cause of action against the defendants." Trial court struck this guest statute defense. In their single assignment of error defendants assert the guest statute is a defense to plaintiff's claim.

I. Defendants do not contend the guest statute directly reaches plaintiff. She was not riding in the Pomeroy car and the statute applies directly only to "any passenger or person riding in said motor vehicle":

"321.494 Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to *any passenger or person riding in said motor vehicle* as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of an alcoholic beverage, a narcotic, hypnotic or other drug, or any combination of such substances, or because of the reckless operation by him of such motor vehicle." (italics added)

We agree with defendants' concession that the statute does not directly bar plaintiff's claim.

II. Defendants do contend the guest statute indirectly reaches plaintiff. They argue that because the statute would bar negligence recovery to an injured child guest it necessarily bars the parent's negligence claim for loss occasioned by the same injury. They say the parent's claim is a "derivative action" and could only be maintained if a suit for wrongful death of the child could have been successfully prosecuted in the face of a guest statute defense. We have never previously met this precise question.

■ A true derivative action is one which a person may institute to redress a wrong done to another. Our survival statute Code § 611.20 is an example. The cause of action accruing to a fatally injured person survives his death and is maintainable by his estate representative, subject to any defense which could have been raised against the decedent. See, *e. g.*, Wymore v. Mahaska County, 78 Iowa 396, 399, 43 N.W. 264, 266 (1889) ("If the facts are such that the child could have recovered had his injuries not been fatal, his administrator may recover the full amount of damages which the estate of the child sustained").

The present case is not that kind of derivative action. It is based on rule 8, R.C. P., (as it read prior to amendment, not here relevant, on July 1, 1973):

"A father, of if he be dead, imprisoned or has deserted the family, then the mother, may sue for the expense and actual loss of services resulting from injury to or death of a minor child."

Rule 8 was analyzed in Wardlow v. City of Keokuk, 190 N.W.2d 439 (Iowa 1971).

We noted the common law roots of the rule insofar as it governs actions by a parent for non-fatal injuries to his child and observed that it extends recovery to situations where death results. Under rule 8 the parent has a cause of action for a legal wrong to himself independent of that of the child. It is derivative only in the sense it is based on injury to or death of the child:

"* * * [T]he wrongful or negligent death of a minor gives rise in Iowa to two causes of action, one on behalf of the minor's administrator for those injuries which are personal to the decedent, section 611.20, the other on behalf of the father for loss of services during minority and expenses incurred on account of those injuries, rule 8. *Actions brought under rule 8 are not for the injury to the child but for the injury to the father as a consequence of the injury to the child.* [citation] Wardlow v. City of Keokuk, supra, at 443 (italics added).

██ Nothing in rule 8 suggests actions by the parent are subject to a guest statute defense that might be urged against the child. The rule is remedial. *Id.* Its provisions are to be liberally construed in furtherance of its objects. Schmitt v. Jenkins Truck Lines, Inc., 260 Iowa 556, 558, 149 N.W.2d 789, 790 (1967).

Defendant relies upon Shiels v. Audette, 119 Conn. 75, 174 A. 323 (1934) which involves the availability of a guest statute defense in facts analogous to those here. The court denied parental recovery on the rationale that "an essential element of the cause of action vested by law in the parent is that the compensation recoverable by him for expenses flows from a personal injury for which, under the law, the child would be entitled to recover compensation." *Shiels* was followed in Hall v. Royce, 109 Vt. 99, 192 A. 193 (1937) and Arritt v.

Fisher, 286 Mich. 419, 282 N.W. 200 (1938).

The *Shiels* case is indistinguishable from the present case, so we must decide whether to accept or reject its reasoning. A dissent in *Shiels* makes this argument:

"The rule at common law is clear; one who by negligence injured a minor, without fault of the latter, was subject to two separate and distinct causes of action—one by the minor for his personal injuries and one by the parent for the loss of the minor's services and for the expense to which the parent had been put. He was not answerable to either for the loss suffered by the other. * * This was the situation when the Legislature had the guest statute under consideration. By that act, the minor's right of action for personal injuries from negligence was taken away if he was a guest * * *. The language of that act confines its operation exclusively to 'the person transported,' and thereafter a minor guest had no vested right which could be invaded by a simple act of negligence; but the same negligent act still had the result of depriving the parent of his rights with which the common law had invested him, since the guest statute made no reference to any one except the person transported. The negligent act remained a legal wrong to the parent, as at common law." Shiels v. Audette, supra, 119 Conn. at 80–81, 174 A. at 326.

However, defendants allege we accepted the concept expressed by the majority in *Shiels* in Ziegler v. United States Gypsum Company, 251 Iowa 714, 102 N.W.2d 152 (1960). There we held a wife was not entitled to recover for loss of consortium when her husband was negligently injured in the course of his employment while covered by the provisions of the Workmen's Compensation Act. We said the wife could not recover because her husband's

**834**

right to recover was limited to workmen's compensation, and if his common law remedy was barred hers was also. *Id.* at 154. ("Where the direct action cannot be maintained it follows the action for consequential damages cannot be maintained.").

Unlike the guest statute, the workmen's compensation statute involved in *Ziegler* purports by its terms to bar actions by family members based on the employee's injury:

> "The rights and remedies provided in this chapter for an employee on account of injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury." § 85.20, The Code.

Therefore the result in *Ziegler* is consistent with the legislative policy manifest in the workmen's compensation statute. On that basis we limit our approval of *Ziegler* to its facts. Cf. Smither and Comny, Inc., v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220 (1957).

 We are persuaded that the dissent in *Shiels* conforms to our view of the guest statute defense as it relates to the parental cause of action under rule 8, R.C.P. The rule antedates the guest statute. It recognizes parent and child have separate causes of action. In enacting the guest statute the legislature restricted its application to motor vehicle guests. In the absence of language in the statute comparable to that in § 85.20, we see no reason to believe the legislature also intended, without saying so, to bar rule 8 claims by parents of minor guests. We hold the guest statute is not a defense to plaintiff's cause of action in this case. Trial court did not err in sustaining the motion to strike.

Affirmed.