## GOLDIE WEINSTEIN v. BERNARD SCHWARTZ.[1]

December 30, 1938.

No. 31,699.

*Sarah Gensler Schwartz,* for appellant.
*Sexton, Mordaunt, Kennedy & Carroll,* for respondent.

STONE, JUSTICE.

In this action to recover damages for injuries sustained in an automobile accident, plaintiff appeals from the judgment entered after denial of her motion in the alternative for judgment notwithstanding the verdict for defendant or a new trial.

The assignments of error and supporting argument go in the main to the contention that plaintiff was entitled to a directed ver-

[1]Reported in 283 N. W. 127.

dict on the issue of negligence, and that the only question for the jury was the amount of her damage. That position ignores the issue of proximate cause, which we pass without comment.

Plaintiff is the mother-in-law of defendant and for long had been one of his household. She, together with his wife and daughter, was a passenger in his automobile when it suddenly left the highway and overturned on its way to lodgment in the ditch. Defendant estimated his speed at 55 miles per hour. Also, he freely conceded that his steering gear was so defective in the matter of a worn bushing that the machine occasionally indulged in "shimmying." This manifest and dangerous neurosis, which had existed some three or four weeks, did not much alarm defendant. He did not secure the simple treatment which would have made the machine safe for himself and family, although it was in daily use by them on the traffic-thronged highways connecting the Lake Minnetonka region with Minneapolis, on one of which the accident occurred. An additional element in the circumstantial matrix of defendant's testimony was the fact that as to plaintiff's injuries her own sworn narrative was much smudged by impeachment. We do not overlook testimony of a garage mechanic which corroborated defendant as to some wear in the bushing.

Defendant's testimony is without extraneous contradiction. Therefore, it is insisted on plaintiff's behalf that it was controlling, under the venerable rule of O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430. But this case is outside that rule. The jury might reasonably have attributed defendant's obvious willingness to be worsted to a desire that his mother-in-law, plaintiff, collect damages from his insurer. That was coupled with what the jury might well have believed was a gross and wilful testimonial exaggeration of her physical impairment by plaintiff herself.

The credibility of witnesses is ordinarily for the jury. It is for them to choose not only between conflicting evidence but also between opposing inferences. Maher v. Duluth Yellow Cab Co. 172 Minn. 439, 215 N. W. 678. It was for the jury to consider the interest in the case of both plaintiff and defendant. Plaintiff being a member of defendant's family, the jury is not to be criticized if it

considered that his evidence was somewhat motivated by hope of benefit from her collection of damages from his insurer. True, the interest of a witness in the outcome is not, standing alone and in the ordinary case, enough to justify rejection of his testimony if there are no other circumstances on which to base doubt of its credibility. This case, for the reasons stated, presents enough of such adverse indications to have justified the jury in so far discrediting the testimony of both plaintiff and defendant as to conclude that the former had not sustained the burden of proof resting on her. See Anderson v. Liljengren, 50 Minn. 3, 52 N. W. 219, approved in Gorman v. Hand Brg. Co. 28 R. I. 180, 183, 66 A. 209; 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 10344a; Annotation, "Disregarding Uncontradicted Testimony in Civil Actions," 8 A. L. R. 796.

In sum, the case is just this. Defendant admitted 55 miles per hour with a car long and much addicted to "shimmying," with most of his own family as passengers, one of them his mother-in-law, plaintiff, indisposed (they were then taking her to her doctor). That, put alongside other circumstances in evidence, particularly defendant's own probable interest, made an ensemble of such nature that the jury's rejection of it is not to be disturbed.

The only other assignment of error justifying present comment is one going to the exclusion of a report of his investigation of the accident made by a deputy sheriff. That report contained a statement from a witness which tended to impeach his testimony. It included additional and incompetent matter. As impeachment it would have been no more than cumulative, for the witness aimed at was pretty thoroughly impeached anyway. The fact is, he was witness for plaintiff, and on the ground of surprise the doors were opened wide to impeachment by her own counsel. The opportunity thus presented was well utilized. If for any reason or to any extent the statement itself was admissible, its exclusion was not prejudicial to plaintiff. On her motion for a new trial, plaintiff wanted the advantage of some new and additional evidence strengthening the impeachment of the witness in question. At best it would have

been but cumulative, so that it was no abuse of discretion to deny the motion, made on that ground, for a new trial.

Judgment affirmed.

Mr. Chief Justice Gallagher took no part in the consideration or decision of this case.