## ALVIN SPIES v. WALTER SPIES AND ANOTHER.[1]

March 31, 1939.

No. 32,005.

*Moonan & Moonan,* for relator.
*Lystad, Mantor & Day,* for respondent.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review an order denying compensation.

Relator was employed as a carpenter by defendant contractor. Compensation is sought for injury on June 4, 1937, when, relator claims, a bunch of shingles fell on his foot. The only question here is the sufficiency of the evidence to sustain the negative finding on that issue.

Relator testified that the accident occurred. His mother testified that during the evening of June 4, 1937, she bathed relator's foot with hot water and boric acid and that he then told her about the event. There was medical testimony that the injury was due to trauma, tests having eliminated disease. Relator contends that on that evidence and in the absence of contradiction of his or his mother's testimony the finding of the commission cannot stand.

After the alleged accident of June 4, no time was lost from employment until August 11, 1937. Even when relator then quit work

[1] Reported in 284 N. W. 887.

he made no mention of accident to his employer, who was also his uncle. Relator's fellow workmen knew nothing of his hurt.

Not until July 27 did relator seek medical attention, and then it was not for any condition arising from trauma but for a case of "athlete's foot." Afterward, and as an independent matter, a lesion developed on the upper outside of the affected foot. As to that, the doctors tried but could get from relator no history of trauma of any kind, until finally, late in September or early in October, he told one of them "about dropping a bunch of shingles on his foot." "I asked him why he hadn't told me before and he said he didn't think of it at that time. He hadn't thought of it until later."

It is an important factor of decision that upon relator was the burden of proof. Compare Weinstein v. Schwartz, 204 Minn. 189, 283 N. W. 127. His failure for so long to mention the accident to anybody, particularly his doctors, who for some time pressed him for just such an explanation, and his prolonged silence on the subject to all interested parties, save only his mother, are circumstances casting sufficient doubt on relator's claim to make it improper for us to reverse the negative finding thereon. For the reasons indicated, it is impossible to say that, on the record and as matter of law, relator has sustained the affirmative of the issue.

Accidental injury there may have been—probably was. But that it did not occur, or at least was not proved to have occurred, during and within the scope of the employment was a conclusion easily and reasonably based upon the evidence.

Lampi v. James H. Brown Co. 165 Minn. 169, 205 N. W. 953, is distinctly on the other side of the determinative line. A negative finding of the industrial commission was reversed because we considered the employe's case established by credible testimony without contradiction or inherent improbability. For reasons already apparent, we cannot place this case in the same category.

Order affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.

MR. JUSTICE HILTON, incapacitated by illness, took no part.