## DONALD MAYZLIK v. LANSING ELEVATOR COMPANY.[1]

March 26, 1954.

No. 36,102.

---

[1]Reported in 63 N. W. (2d) 380.

*Meighen, Knudson, Sturtz & Peterson,* for appellant.

*Baudler & Baudler,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

This is an action for the recovery of damages sustained by plaintiff while on the premises of defendant, where he claims that he slipped or fell because of ice or snow.

On December 28, 1951, at about 11 o'clock in the forenoon, plaintiff brought a load of oats to defendant's elevator at Lansing for the purpose of having them ground. The oats were in a four-wheeled

rubber-tired farm wagon. Leading up to the elevator from the street is a driveway about 60 feet long. This driveway is about four feet higher at the elevator end than at the street end. Where the driveway enters the elevator shed is a cement apron or abutment about 1½ or 2 feet wide. The doors of the elevator shed close over this apron so that it is about one-half outside and one-half inside the shed. Connecting with the part of the apron which is inside the shed is another incline about six feet long made of six 12-inch planks. This incline is about one foot lower where it starts, just inside the door, than it is at the top. It was on this incline that plaintiff's wagon was being loaded with ground feed when the accident happened. Just above the wagon, when it was standing on this incline, was a spout out of which the ground feed comes from the grinder. Plaintiff claims that, while attempting by himself to push the wagon forward to remove a block from under its rear wheel in order to let the wagon move back a short distance, he slipped on some ice and snow, just as he got the block loose, and was run over by the vehicle.

The jury returned a verdict of $5,000 for plaintiff. Defendant appeals from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

Defendant assigns as error the trial court's denial of its motion for judgment notwithstanding the verdict or for a new trial. The grounds upon which it based its motion are that the evidence conclusively showed that defendant was not guilty of any negligence proximately causing the injuries to plaintiff; that plaintiff had assumed the risk of moving the grain wagon and was guilty of contributory negligence as a matter of law; and that plaintiff's attorney was guilty of misconduct.

Defendant concedes that plaintiff was a business invitee and that it therefore had a duty to exercise reasonable care to keep its premises in a safe condition.

Defendant claims that the evidence shows conclusively that it was not guilty of any negligence proximately causing the injuries to plaintiff. It contends that plaintiff has not sustained his burden of showing that there was ice or snow present on that portion of the

driveway upon which he claims to have slipped. Defendant argues that in order to hold it negligent it must be shown that it knew or should have known that ice or snow was present on its premises and that it was present for an unreasonable length of time. It also contends that, even if there were ice and snow and defendant knew or should have known of its presence, it would not be negligent because it could not reasonably have anticipated that its act or failure to act would result in injury to someone.

■ The rule in this state is that a motion for judgment notwithstanding the verdict will be granted only when the evidence is conclusive against the verdict. Trovatten v. Hanson, 171 Minn. 130, 213 N. W. 536. Such a motion accepts the view of the evidence most favorable to the verdict and admits every inference reasonably to be drawn from such evidence as well as the credibility of the testimony for the adverse party. If the application of this rule in the light of the evidence as a whole discloses a reasonable basis for the verdict, the motion will be denied. Austin v. Rosecke, 240 Minn. 321, 61 N. W. (2d) 240; Cofran v. Swanman, 225 Minn. 40, 29 N. W. (2d) 448; Kundiger v. Metropolitan L. Ins. Co. 218 Minn. 273, 15 N. W. (2d) 487; Kundiger v. Prudential Ins. Co. 219 Minn. 25, 17 N. W. (2d) 49; LaCombe v. Minneapolis St. Ry. Co. 236 Minn. 86, 51 N. W. (2d) 839; Sorlie v. Thomas, 235 Minn. 509, 51 N. W. (2d) 592; Eklund v. Kapetas, 216 Minn. 79, 11 N. W. (2d) 805; 10 Dunnell, Dig. (3 ed.) § 5082.

■ It would serve no useful purpose to attempt to review all the conflicting testimony in the record regarding the negligence of defendant. There is evidence that, after plaintiff pulled his wagonload of oats into the elevator shed, had them weighed, and dumped them through the grating just behind the scales, he and John Jerdet, an employee of defendant, pushed the wagon back onto the incline under the chute. The testimony is in conflict as to just exactly where on the wooden plank incline the wagon was located. Plaintiff testified that the front wheels were right at the point where the incline begins and that the rear of the wagon was about even with the doors of the elevator shed or extending out a little. In this position, the chute through which the ground grain came was over the middle of

the wagon or slightly toward the rear of the wagon so that the rear end would fill up first. Plaintiff further testified that on all of the other occasions when he had come to this elevator someone had been there to help move the wagon back on the incline in order to fill up the front end of the wagon. He said that to do this one man would usually hold onto the tongue of the wagon while the other got behind the wagon and removed the block from under the rear wheel. He further testified that on this particular occasion, when the back and center became full, the grain started to run over and that he ran into the grinding room where the elevator employee stands to operate the grinding machinery. He claimed that he could not see anyone and that he did not yell out because the grinder made so much noise that no one would have heard him anyway. He said that he then went outside and decided to move the wagon by himself. The testimony is that a block 6 by 6 inches by one foot had been placed under the right rear wheel of the wagon. Plaintiff testified that he put his left shoulder behind the right rear side of the wagon and that he slipped and fell while attempting to remove the block and at the same time push the wagon. He said that he had managed to push the wagon forward enough to loosen the block under the wheel. It appears that when he did that the wagon rolled back and ran over his right thigh and left knee. The evidence is conflicting with respect to where plaintiff was standing while attempting to push the wagon. However, there is evidence in the record that he was standing on the cement apron or abutment. Plaintiff also testified that as he slipped he saw that the spot where he had been standing was covered with hard-packed or glazed snow which was slippery.

There is evidence in the record that an employee of defendant swept the cement abutment each morning. Ben Reinartz, manager of defendant's elevator, testified that there were many tractors, automobiles, and trucks running over the packed snow on the gravel drive leading up to the elevator shed and that sometimes the snow would get hard-packed from the tires and traffic. Defendant admits the possibility of some snow being dragged onto the portion of the driveway where plaintiff had been standing just before he fell, but he takes the position that it would be impossible to keep the drive-

way absolutely clear of snow every minute of the day when vehicles were constantly driving up the driveway and over the spot where plaintiff claims to have slipped. On the other hand, plaintiff contends that defendant should have kept the area immediately back of the board ramp free from ice and slippery hard-packed snow or it should have covered the area with sand, ashes, or some other substance which would have removed or decreased the hazard.

The question of negligence generally is for the jury, and it is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered to be one of law for the court. Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395; Bartley v. Fritz, 205 Minn. 192, 285 N. W. 484; Turner v. N. P. Ry. Co. 207 Minn. 187, 290 N. W. 563; Champlin Refining Co. v. Walker (8 Cir.) 113 F. (2d) 844; May Dept. Stores Co. v. Bell (8 Cir.) 61 F. (2d) 830, 840. A possessor of premises used by business visitors, while not an insurer of their safety, is bound to exercise reasonable care to construct and to maintain his premises in a reasonably safe condition for their use. The duty is continuing in nature. It does not end with an original safe construction or installation but continues as long as the premises are devoted to such use. Reasonable inspection during such use is a duty incident to the maintenance of the premises. Schrader v. Kriesel, *supra;* Anderson v. Winkle, 213 Minn. 77, 5 N. W. (2d) 355.

We cannot say here that the facts and inferences to be drawn from the facts so conclusively show the defendant free of any negligence that its motion for judgment notwithstanding the verdict should have been granted. The weight of contradicted evidence and credibility of witnesses are questions for the determination of the jury. Thomson v. Boles (8 Cir.) 123 F. (2d) 487, certiorari denied, 315 U. S. 804, 62 S. Ct. 632, 86 L. ed. 1204; Weinstein v. Schwartz, 204 Minn. 189, 283 N. W. 127; Pellowski v. Pellowski, 196 Minn. 572, 265 N. W. 440. Here, plaintiff testified that there was hard-packed or glazed snow where he was standing. The fact that the only time he saw this condition was when he slipped goes to the weight and credibility of his testimony.

The question arises whether defendant knew or should have known of the presence of ice or snow on the cement apron or abutment where plaintiff was standing. There is no evidence in the record that defendant actually knew of the slippery condition at the particular time of the accident. However, there is evidence that its manager knew that there was snow on the gravel driveway leading up to the elevator shed and that he knew that tractors, automobiles, and trucks drove over this driveway. From this, a jury might well have inferred that defendant should have known of the presence of the slippery condition where plaintiff was standing and that, in order to conform to the standard of due care, defendant should have done more than merely clear the snow off this spot every morning. In view of these considerations, we feel that it was for the jury to decide whether or not defendant reasonably might have anticipated an injury to someone by its failure to conform to the standard of due care.

■ Defendant claims that the facts conclusively show that plaintiff had assumed the risk of moving the grain wagon or that plaintiff was guilty of contributory negligence as a matter of law. The doctrine of assumption of risk requires an appreciation of the danger and acquiescence in it. Lincoln v. Cambridge-Radisson Co. 235 Minn. 20, 49 N. W. (2d) 1. In the record here there is evidence that plaintiff fell because he slipped on hard-packed or glazed snow and that he did not notice this slippery condition until after he had fallen; thus, it is clear that the doctrine of assumption of risk can have no application in this case.

Defendant, however, contends that the great danger of moving the wagon was open and obvious to plaintiff. Defendant cites the rule that, where plaintiff puts himself in a position to encounter known hazards which the ordinarily prudent person would not do, he assumes the risk of injury arising from such a condition. Hubenette v. Ostby, 213 Minn. 349, 6 N. W. (2d) 637. However, when the doctrine of assumption of risk is used in this sense, it is merely a phase of the defense of contributory negligence. For an extended discussion of the doctrine of assumption of risk, see Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395.

Therefore, the only question in regard to this part of defendant's assignments of error is whether plaintiff was guilty of contributory negligence as a matter of law. In this regard defendant claims that plaintiff attempted by himself to move a partially loaded wagon weighing from 2,275 to 2,700 pounds up a six-foot incline which was one foot lower at the bottom than at the top; that he did not look to his footing and stood on the ice while attempting to do this; and that he attempted to reach over three feet in front of him with the arm which extended from the same shoulder that was pushing the wagon. Defendant also argues that the plaintiff could have scooped the grain into the front part of the wagon with a shovel rather than attempting to move the wagon as he did.

Contributory negligence is a want of ordinary or reasonable care, on the part of a person injured by the negligence of another, directly contributing to the injury as a proximate cause thereof without which the injury would not have occurred. Malmgren v. Foldesi, 212 Minn. 354, 3 N. W. (2d) 669; Olson v. Hector Const. Co. Inc. 216 Minn. 432, 13 N. W. (2d) 35; Thorstad v. Doyle, 199 Minn. 543, 273 N. W. 255. Another approved definition is "a failure on the part of a person injured by the negligence of another to exercise ordinary or reasonable care to avoid the injury, without which the injury would not have occurred." 4 Dunnell, Dig. & Supp. § 7012, and cases cited. The questions of negligence and contributory negligence ordinarily are for the jury. Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758; Jeddeloh v. Hockenhull, 219 Minn. 541, 18 N. W. (2d) 582; Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327. In considering contributory negligence, it is only where the facts are such that all reasonable men must draw the same conclusion from them that the question is ever considered as one of law for the court. Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395; Dragotis v. Kennedy, 190 Minn. 128, 250 N. W. 804; Johnson v. Evanski, 221 Minn. 323, 22 N. W. (2d) 213.

The question of the contributory negligence of plaintiff as a matter of law in the instant case is a close one. However, we must view the evidence in the light most favorable to him as the prevailing party. Plaintiff testified that, while he had never attempted to

push the wagon alone, as he did on this occasion, he had seen it done by someone else at defendant's elevator. He also said that, on all of the eight or ten occasions when he had been at the elevator before, they had always moved the wagon back when the load filled up in the back and middle. He said that on those occasions someone at the elevator always did it "by pulling that block back and moving the wagon back" and that it was always done by hand. On some occasions plaintiff "grabbed" the tongue of the wagon while someone moved the block back. He claimed that he had seen Ben Reinartz, the manager of the elevator, move the block from behind the wheel alone, as plaintiff had attempted to do, but that was when there was no ice or snow. He also said that he had seen a farmer do it; he did not know the farmer's name. Plaintiff said that on all other occasions when the wagon was moved back he had had help in changing its position. This assistance was furnished either by John Jerdet, an employee of defendant, or by whatever employee was in the building at the time grinding feed. He further claimed that on the day of the accident he could have moved the wagon by himself if he had not slipped. He claimed that at the time he slipped he had moved the wagon forward enough to loosen the block by pulling it straight back with his hand. He also said that, before attempting to move the wagon back when the grain started to run over the side of the box, he went into the grinding room where the elevator employee was operating the grinding machinery in order to get some help but that he saw no one there. He did not call for anyone but went back and attempted to move the wagon.

The evidence is conflicting as to the weight of the wagon at the time plaintiff tried to move it. He estimated that the wagon, with the grain that was in it at that particular time, weighed 1,500 pounds. He also said that the wagon was more than half full of grain. An employee of defendant testified that it was two-thirds full just before the accident. Ben Reinartz, the manager, said that the load of grain itself weighed 2,550 pounds.

We are of the opinion that, under the facts and circumstances here, the question of plaintiff's contributory negligence was one for the jury. Viewing this accident in retrospect, we as a court might

consider that he took unreasonable chances in attempting to do what he did. However, he cannot be declared guilty of contributory negligence merely because it is now apparent in the light of results and subsequent events that he might have avoided the accident by taking another course. The jury had an opportunity to hear all the testimony and to observe the various witnesses. The trial court did not see fit to grant judgment notwithstanding the verdict or a new trial. It appears to us that the jury might have concluded that it was reasonable under the circumstances for plaintiff to attempt to move the wagon back by himself.

Defendant claims, however, that it was negligence as a matter of law for plaintiff not to have looked where he was stepping or putting his feet under the circumstances here. It cites Dehn v. Buck, 165 Minn. 310, 206 N. W. 435, where plaintiff, while lawfully on the premises of defendant, sought to enter a door leading upstairs but, instead, entered an adjoining door leading downstairs and fell. It was held under the circumstances there that there was no negligence on the part of defendant but that plaintiff was guilty of contributory negligence as a matter of law under the rule that it was her duty to look where she was stepping, which she did not do. That rule is not applicable in all situations. We have held that, even though plaintiff did not look where she was stepping, a jury might find that she had exercised due care inasmuch as there were distracting circumstances present. Lincoln v. Cambridge-Radisson Co. 235 Minn. 20, 49 N. W. (2d) 1. The rule is that, when there is some distraction or other reason which will excuse the failure to see that which is in plain sight, it can be said that a person has exercised that degree of care required by an ordinarily prudent person. Johnson v. Brand Stores, Inc. 241 Minn. 388, 63 N. W. (2d) 370. Under the evidence here the jury could have found that plaintiff's attention was distracted by the overflowing of the grain and that in his haste to correct the situation he was exercising due care under the circumstances when the accident occurred. Defendant argues that this was not a situation where plaintiff's property would be lost or destroyed even though it did overflow. While that seems

obvious now, we still believe that it was a jury question whether he was guilty of contributory negligence.

■ Defendant also assigns as error the denial by the trial court of its motion for a new trial on the ground of certain statements made by plaintiff's counsel during the final argument. The record before us does not contain plaintiff's final argument. Where the settled case does not contain the facts constituting the alleged misconduct of counsel and such misconduct is denied on appeal by counsel against whom such misconduct was claimed, this court is unable to make a ruling concerning the matter, since we are bound by the settled case.

Affirmed.

MR. JUSTICE NELSON took no part in the consideration or decision of this case.

