**STATE of Minnesota by, Hubert H. HUMPHREY, III, its Attorney General, Appellant,**

v.

**Garold E. BRIGGS, Respondent.**

**No. C4-91-1972.**

Court of Appeals of Minnesota.

July 14, 1992.

Review Denied Sept. 15, 1992.

812

Hubert H. Humphrey, III, Atty. Gen., Joseph Plumer, Gordon L. Moore, III, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Allen D. Barnard, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and FORSBERG, and PETERSON, JJ.

## OPINION

PETERSON, Judge.

A jury awarded respondent Garold E. Briggs damages of $475,000 for land taken by appellant State of Minnesota. The state appeals from the judgment and the trial court's denial of its motion for judgment notwithstanding the verdict, a new trial or remittitur. The state claims the trial court erred by admitting evidence of proposed development plans for Briggs' property because the use was prohibited by a zoning ordinance. Briggs seeks review of the trial court's denial of his motion for compound interest. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## FACTS

Briggs owned an unimproved lot abutting the southern edge of Trunk Highway 12 in Wayzata, Minnesota. The lot, which was zoned for residential use, is bordered on the west by Trunk Highway 101 and on the east by a 15 acre parcel of land containing a nursing home. The state acquired rights to the lot through a condemnation action.

Briggs submitted evidence of the value of the land acquired by the state through the expert testimony of Samuel Poppleton, a development planner, and Culver Ernest LaSalle, a real estate appraiser. Poppleton testified the land was not suitable for residential use because of its location adjacent to and at the same elevation as highway 12. He stated that the noise and other pollution caused by 49,000 cars driving by each day was a nuisance inconsistent with residential development. He noted that nearby residences were screened off from the highway by their higher elevation and a buffer zone of trees.

Poppleton testified the highest and best use of the land was as office or office-condominium space. Office use would result in a light traffic impact on the nearby residential area. An office building could

be constructed to blend in with residential housing and it would act as a buffer for the houses from the highway. Poppleton opined the likelihood of rezoning was certain enough that he "would bank on it." His opinion was based on the land being located along a developing and well defined commercial strip and other lots in the area having been rezoned from residential to commercial. Poppleton's testimony indicated that the land would be more valuable if used for a more intensive commercial purpose, such as a roadside shopping center, but the lot was not ideal for that type of use and, therefore, rezoning for that use was less likely.

LaSalle agreed the highest and best use of the land was as office or office-condominium space. Based on comparable sales of unimproved commercial property, he determined the amount of damages Briggs incurred as a result of the taking was $475,000.

The land acquired by the state had no direct access to highway 12. Its only access was via two residential streets. Ronald Lauer, who owned the adjacent lot where a nursing home was located at the time of the taking, testified he would have granted Briggs access to highway 12 across his land. Poppleton testified that direct access to highway 12 would not have been necessary for the proposed commercial development and that lack of direct access would not have affected the marketability of the property.

## ISSUES

1. Did the trial court err by allowing evidence of the proposed commercial development for the land acquired by the state?

2. Did the trial court err by computing the interest award as simple interest?

3. Did the trial court err by allowing evidence of access across Lauer's property to highway 12?

4. Did the trial court err by not allowing the jury to view the land acquired by the state?

## ANALYSIS

When reviewing a jury's determination of value in a condemnation case, this court must view the evidence in the light most favorable to the prevailing party and assume the jury chose to believe its witnesses. *State by Lord v. Pearson*, 260 Minn. 477, 493, 110 N.W.2d 206, 217 (1961). On a claim of excessive damages, the trial court's decision to deny a motion for a new trial will not be overturned absent an abuse of the trial court's broad discretion. *Roettger v. United Hosps. of St. Paul, Inc.*, 380 N.W.2d 856, 862 (Minn.App.1986).

The state alternatively claims it is entitled to judgment notwithstanding the verdict or remittitur. Both the trial court and this court must accept a verdict as final if the verdict is reasonably supported by the evidence. *Brubaker v. Hi–Banks Resort Corp.*, 415 N.W.2d 680, 683 (Minn. App.1987), *pet. for rev. denied* (Minn. Jan. 28, 1988). When considering a motion for judgment notwithstanding the verdict, the trial court must view all evidence and the credibility of witnesses in the light most favorable to the verdict and admit every reasonable inference therefrom. *Id.* Judgment notwithstanding the verdict may only be granted if the evidence is practically conclusive against the verdict or if reasonable minds could reach but one conclusion against the verdict. *Id.*

A motion for remittitur is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal in the absence of a clear abuse of discretion. *Newmaster v. Mahmood*, 361 N.W.2d 130, 133 (Minn.App.1985). The trial court must leave the plaintiff with the highest dollar verdict permissible under the evidence. *Id.*

1. *Evidence of proposed commercial development.*

The state claims the trial court erred by admitting evidence of the proposed commercial development because the lot was zoned for residential use. Evidence of value for uses prohibited by an ordinance is admissible "only where there is evidence showing a reasonable probability

that the ordinance will be changed in the near future." *State v. Pahl*, 254 Minn. 349, 356, 95 N.W.2d 85, 90 (1959). The probability of rezoning to permit a proscribed use may only be considered by the trier of fact if the prospect of the rezoning was sufficiently likely to have an appreciable influence upon the market value on the date of acquisition. 4 Julius L. Sackman & Patrick J. Rohan, *Nichols' The Law of Eminent Domain* § 12C.03[2] (rev. 3d ed. 1990).

The initial determination on the admissibility of evidence of land value based on rezoning lies within the trial court's discretion. *See United States v. Eden Memorial Park Ass'n*, 350 F.2d 933, 936 (9th Cir.1965). A proper foundation must be laid before admitting evidence of land value based on rezoning. First, the trial court must determine whether sufficient evidence exists to permit a jury to conclude that there was a reasonable probability of rezoning on the date of acquisition. *Department of Pub. Works & Bldgs. v. Association of Franciscan Fathers*, 44 Ill.App.3d 49, 4 Ill.Dec. 323, 360 N.E.2d 70, 74–75 (Ill.App.1976), *aff'd*, 69 Ill.2d 308, 13 Ill.Dec. 681, 371 N.E.2d 616 (Ill.1977). Second, the owner must establish that there was a likelihood of a demand for the proposed use in the market. *See Ramsey County v. Miller*, 316 N.W.2d 917, 921–22 (Minn.1982).

> Elements affecting value that depend upon events or combinations of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable, should be excluded from consideration.

*Id.* at 921 (quoting *Olson v. United States*, 292 U.S. 246, 257, 54 S.Ct. 704, 709, 78 L.Ed. 1236 (1934)).

Although the record does not indicate the trial court made a specific preliminary determination that the evidence was sufficient to permit the jury to conclude there was a reasonable probability of rezoning, the memorandum accompanying the trial court's denial of the state's motion for a new trial indicates the trial court properly considered the admissibility of the rezoning evidence during pretrial motions. Because prior Minnesota case law does not explicitly state that the trial court must make a preliminary determination on the admissibility of evidence of rezoning, we decline to apply the requirement retroactively.

Here, there was expert testimony about the considerable demand for office space in the market and the reasonable probability of rezoning. The evidence admitted was sufficient to permit the jury to conclude that, on the date of acquisition, there was a reasonable probability of obtaining rezoning that would allow the proposed development. The trial court's decision to allow the evidence was not an abuse of discretion.

*2. Interest rate.*

Minn.Stat. § 117.195, subd. 1 (1990) provides, in part:

> All damages allowed under this chapter, whether by the commissioner or upon appeal, shall bear interest from the time of the filing of the commissioner's report or from the date of the petitioner's possession whichever occurs first. The rate of interest shall be determined according to section 549.09.

Minn.Stat. § 549.09, subd. 1(c) (1990) provides, in part:

> The interest shall be computed as simple interest per annum. The rate of interest shall be based on the secondary market yield of one year United States treasury bills, calculated on a bank discount basis as provided in this section.

Because Minn.Stat. § 549.09, subd. 1(c) expressly provides for simple interest, the trial court awarded Briggs simple interest on the value of the land taken from the time of taking until judgment. Briggs argues that interest on the value of the land must be compounded to meet the "just compensation" requirement of Minn.Const. art. I, § 13.[1]

---

1. Minn.Const. art. I, § 13 provides: "Private property shall not be taken, destroyed or dam-aged for public use without just compensation therefor, first paid or secured."

Whether interest applicable to condemnation awards is to be calculated as simple or compound interest is a matter of first impression. The literal construction of these two statutes, when read together, does not require that interest on condemnation awards be computed as simple interest.

Minn.Stat. § 117.195, subd. 1 requires only that the rate of interest shall be determined according to Minn.Stat. § 549.09; no mention is made of the separate requirement that interest shall be computed as simple interest. However, we need not determine whether the legislature intended to apply both the simple interest requirement and the interest rate determined under Minn.Stat. § 549.09 to condemnation awards.

The Minnesota Supreme Court has decided that the determination of the rate of interest on condemnation awards is a judicial decision and that automatic application of a statutorily prescribed interest rate does not satisfy the constitutional requirement of just compensation. *State by Spannaus v. Carney*, 309 N.W.2d 775, 776 (Minn.1981).

In *Carney*, the court addressed only the rate of interest applicable to condemnation awards; it did not consider whether the applicable rate should be compounded. However, the court stated,

> On remand the trial court must determine the rate of interest required to give the landowner "the market value of the property at the time of taking contemporaneously paid in money." The landowner is entitled to that return which would have been available if the landowner had been timely paid and had made reasonable and prudent investments. We note that the return which satisfies the requirements of just compensation may be more, less, or equal to the return allowed by statute.

*Id.* (citations omitted).

The return available to a landowner who is timely paid and makes reasonable and prudent investments can be greatly affected by the ability to earn compound interest. If, at the time of taking, Briggs had been paid the market value of the property in money, this money would have been available to him for investment from that time forward. Because this money would have been available to him for several years before the judgment, the return he earned from investing the money during any one year would have been available to him for further investment during the following years. The return that would have been available to him had he been paid money at the time of taking includes the amount Briggs could have earned by investing the principal sum on the date it was received and by investing any earnings generated by the principal sum when they were earned.

Because just compensation requires a judicial determination of the return on reasonable and prudent investments, the requirement in Minn.Stat. § 549.09, subd. 1(c) that interest shall be computed as simple interest cannot apply to condemnation awards. The trial court award of simple interest is reversed. On remand the trial court must determine the total return that would have been available to Briggs had he been paid the value of the property at the time of taking in money and made reasonable and prudent investments. If reasonable and prudent investments would have allowed Briggs to earn compound interest, the interest award should include the interest that would have been earned.

### 3. *Access evidence.*

The state argues the trial court erred by admitting evidence of access from Briggs' property across Lauer's property to highway 12 because the evidence was too speculative. The certainty of the access across Lauer's property was dependent on the jury's assessment of Lauer's credibility. Witness credibility is an issue for the jury to determine. *Mayzlik v. Lansing Elevator Co.*, 241 Minn. 468, 473, 63 N.W.2d 380, 384 (1954). The trial court did not err by admitting the evidence. Moreover, Poppleton testified that access across Lauer's property was not necessary for commercial development of Briggs' property and would not have affected the marketability of the lot. Even if the trial court erred by admitting the evidence, the error was not prejudicial.

The state also contends the evidence of access across Lauer's property misled the jury into believing Briggs should be compensated for the taking of Lauer's land. The argument is without merit. The evidence went only to the issue of the suitability of Briggs' land for commercial development.

### 4. *Jury viewing of land.*

The state contends the trial court erred by not allowing the jury to view the land the state acquired from Briggs. The decision whether to allow the jury to view the property is committed to the trial court's discretion. *State by Peterson v. Andrews*, 209 Minn. 578, 580, 297 N.W. 848, 850 (1941). The trial court found that both parties had submitted evidence of the adaptability of Briggs' property to commercial use in 1984 in the form of photos and drawings and that a viewing would not have assisted the jury's understanding of the case. There was evidence that the contour of the lot had been changed by the construction of the frontage road. The trial court's decision was not an abuse of discretion.

### DECISION

The trial court properly allowed evidence of the proposed commercial development and evidence of access across Lauer's property. The trial court's award of simple interest is reversed and remanded for further proceedings consistent with this opinion. The trial court's decision to not allow the jury to view the land was proper. Viewing the evidence in the light most favorable to the verdict, as we must, the jury's award of damages to Briggs is supported by the evidence. The trial court did not abuse its discretion by denying the state's motion for a new trial or remittitur. Briggs' request for attorney fees on appeal is denied.

Affirmed in part, reversed in part, and remanded.