**EHW PROPERTIES, Appellant,**

v.

**CITY OF EAGAN, Respondent.**

**No. C4-92-2274.**

Court of Appeals of Minnesota.

July 6, 1993.

William R. Busch, St. Paul, for appellant.

James F. Sheldon, Annette M. Margarit, Severson, Wilcox & Sheldon, P.A., Apple Valley, for respondent.

Considered and decided by DAVIES, P.J., and RANDALL and HARTEN, JJ.

## OPINION

RANDALL, Judge.

In February 1989, respondent City of Eagan (city) authorized Public Improvement No. 533 to upgrade Diffley Road. The improvements were completed in 1990 and the city levied a $48,813.39 special assessment against the property of appellant EHW Properties in October 1991. Appellant sent written objection of the assessment to the city and filed a notice of appeal of the special assessment to the Dakota County district court. *See* Minn.Stat. § 429.081 (1990). The trial court affirmed, finding that the special assessment levied by the city was less than special benefits conferred on appellant's property by the improvement of Diffley Road. The trial court thereafter denied appellant's motion for amended findings or a new trial, except as set forth in the amended findings, again affirming the special assessment. We affirm.

## FACTS

Appellant, a Minnesota partnership comprised of Thomas M. Willmus, his wife and children, owns approximately 62 acres of land in Eagan, Minnesota. The property is bounded on the north by Diffley Road and is bisected by Johnny Cake Ridge Road. The northerly ten acres, parcels one and two, are zoned RB (roadside business) and are currently undeveloped. The parcels lie approximately 1215 feet east of Interstate 35E. The remaining acres are zoned R–4 residential.

The zoning ordinance provides that roadside business districts are:

> areas with good access located and developed primarily to serve the transient population attracted by Interstate 35E, the Minnesota Zoological Garden or similar facilities.

Eagan, Minn.Ord. No. 52, subd. 14(A). The permitted uses for property zoned RB include motels or hotels, Class I restaurants, and commercial-recreational facilities, and are expected to serve freeway users. Eagan, Minn.Ord. No. 52, subd. 14(B).

The Eagan City Council approved Project 533 in February 1989. The project converted Diffley Road, formerly a two-lane roadway, into a four-lane divided roadway. The project added a right turn lane at Johnny Cake Ridge Road for eastbound traffic and a left turn lane at Johnny Cake Ridge Road for westbound traffic. The improvements, completed in 1990, reconstructed Diffley Road from Interstate Highway 35E eastwardly for approximately one mile. In October 1991, the city levied a $48,813.39 special assessment for street improvements against appellant's property. Only the two RB parcels bordering on Diffley Road were assessed.

Dakota County's access spacing guidelines do not provide for access to a four-lane divided roadway within ⅛ mile of the nearest access, in this case Johnny Cake Ridge Road. The two RB parcels do not have sufficient frontage on Diffley Road to permit access under these guidelines, and consequently the two RB parcels are not accessible from Diffley Road. In fact, the two parcels are oriented primarily toward

Johnny Cake Ridge Road and have full access from that roadway.

Both appellant and the city presented appraisers who testified as to impact of the Diffley Road project on the before and after value of the two RB parcels. Both appellant's appraiser and the city appraiser applied comparative market value analysis and agreed the before value of appellant's property exceeded $4 million. Appellant's appraiser concluded the before value of the RB parcels was $2.90 per square foot. The city appraiser testified that the before value was $3.10 per square foot, or a total of $1,358,000, an "optimistic" value in his opinion for commercial property located on a two-lane roadway.

Appellant's appraiser testified that the value of the two RB parcels did not change after the improvement of Diffley Road. Based upon his comparative market analysis and average daily traffic volume, appellant's appraiser concluded that the Diffley Road upgrade did not impact the value of the two RB parcels. The appraiser primarily analyzed Thomas Lake Center, zoned for community shopping centers, located on Cliff Road between Johnny Cake Ridge Road and Pilot Knob Road, and three sales of property located in the Eagandale Industrial Park, zoned industrial. He testified that values in Thomas Lake Center "did not indicate a value for the roadway." This comparative property at the time of sale was situated on a two-lane roadway but had been assessed an amount to upgrade it to four lanes. Appellant's appraiser similarly concluded the Eagandale properties did not have an "increase merely because [of the location] on a four-lane county roadway."

The city appraiser, on the other hand, concluded the value of the RB parcels after widening Diffley Road to four lanes increased $88,000 to a total of $1,446,000, or $3.30 per square foot. Like appellant's appraiser, the city appraiser analyzed a number of comparable sales of commercial property located on minor arterial roadways in close proximity to a major arterial roadway. He relied primarily upon four.

First, property located near Cedar Avenue, a major roadway, in Apple Valley sold for $4.82 per square foot. The city appraiser adjusted the price of the two RB parcels downward to account for the Cedar Avenue sale of large acreage, location, access, frontage, and average daily traffic. Second, the city appraiser compared a 1.4 acre sale on the north side of Diffley Road on the west side of Interstate 35E in Blackhawk Plaza. The property sold for $4.75 per square foot and the appraiser adjusted the value of the two RB parcels downward due to location on the "wrong" side of Interstate 35E, size, and proximity to the freeway. Third, the appraiser compared a sale at Thomas Lake Center. Adjusting for the pending assessments to convert the road to four lanes, the appraiser testified the property had a value of $3.51 per square foot. He adjusted the value of appellant's two RB parcels downward due to the inferiority in size, access quality, and average daily traffic. Lastly, the city appraiser compared a 4.39 acre parcel on Pilot Knob Road south of Duckwood Drive which sold for $5.31 per square foot. Again, he made a downward adjustment to account for a gasoline service station site that was part of the total value of the parcel. Comparing these parcels, the city appraiser concluded that the "after" value of the two RB parcels was $3.30 per square foot.

The trial court found that "the more compelling evidence in this case is that there was a discernable increase [of at least $85,000] in the value of the two parcels attributable to the upgrading." The court affirmed the special assessment of $48,813.39, concluding that it was less than the special benefit received by appellant's two RB parcels, and therefore proper.

## ISSUES

1. Does the record fairly support the trial court's findings of fact that the special assessment levied by the city was less than special benefits conferred on appellant's property by the improvement of Diffley Road?

2. Did the trial court abuse its discretion in admitting into evidence portions of the city appraiser's report?

## ANALYSIS

### I.

■ A municipality may levy a special assessment when the following conditions are satisfied:

> (a) The land must receive a special benefit from the improvement being constructed, (b) the assessment must be uniform upon the same class of property, and (c) the assessment may not exceed the special benefit.

*Carlson–Lang Realty Co. v. City of Windom*, 307 Minn. 368, 369, 240 N.W.2d 517, 519 (1976). Special benefit is measured by the increase in market value of the land resulting from the improvement. *Id.* An increase in market value is the difference between what a willing buyer would pay a willing seller for the property before the improvement and then after the municipality completes the improvement. *County of Ramsey v. Town of White Bear*, 469 N.W.2d 479, 482 (Minn.App.1991), *pet. for rev. denied* (Minn. July 24, 1991).

■ When an appellate court reviews a trial court's determination of a special assessment, it must carefully examine the record

> to ascertain whether the evidence as a whole fairly supports the findings of the district court and whether these in turn support its conclusions of law and judgment.

*Carlson–Lang Realty*, 307 Minn. at 373, 240 N.W.2d at 521, *quoted in DeSutter v. Township of Helena*, 489 N.W.2d 236, 239 (Minn.App.1992), *pet. for rev. denied* (Minn. Sept. 30, 1992). To justify a reversal, the evidence must be against the record. *DeSutter*, 489 N.W.2d at 239.

Appellant does not dispute that the assessment was uniformly imposed. Thus, our inquiry focuses on whether the improvement benefitted the property and whether the assessed amount was less than the special benefits received by the property. Appellant challenges the special assessment on these grounds for two reasons. First, appellant contends a municipality may not levy a special assessment where the existing roadway adequately serves the property; and second, appellant argues that the trial court erroneously adopted the city appraiser's valuation. Appellant claims the city's appraisal was flawed by the "assumption" that the two RB parcels would be rezoned to permit a higher commercial use. We disagree and conclude that the record supports the trial court's conclusion that the special assessment levied by the city was less than the special benefits conferred on appellant's property by the improvement of Diffley Road.

### A.

■ Appellant claims the evidence shows the existing two-lane Diffley Road adequately served the two RB parcels and no special benefit was thereby conferred upon the parcels by the improvement of Diffley Road. Appellant's reliance upon *Southview Country Club v. City of Inver Grove Heights*, 263 N.W.2d 385, 388 (Minn.1978), for this argument is misplaced.

In *Southview Country Club*, the municipality levied a special assessment on two parcels of property to improve and extend water and sewer mains. *Id.* at 386–87. One of the parcels, however, even if developed to the extent permitted by local zoning ordinances, had adequate access to existing water and sewer mains. *Id.* at 388. *Southview Country Club* held that where the existing water and sewer mains met the needs of the property, a special assessment to construct improvements did not confer a special benefit. *Id. See also Independent Sch. Dist. No. 709 v. City of Duluth*, 287 Minn. 200, 204, 177 N.W.2d 812, 815 (1970) ("if existing sewers are adequate, no assessment can be made for the construction of a sewer").

Unlike the situation where a sewer or water main adequately meets the needs of property, the evidence in this case indicates that the widening of Diffley Road improved access to Interstate 35E and Johnny Cake Ridge Road, thereby conferring special

benefits upon the two RB parcels.[1] Extending water or sewer mains to serve property that already has access to water and sewer mains is substantially different from a project converting a two-lane roadway to a four-lane road roadway that improves access to a major arterial highway. *Southview Country Club* is distinguishable on these facts.

### B.

Appellant also argues the trial court erred in considering the city appraiser's valuation because he assumed the two RB parcels would be rezoned to permit more extensive commercial activity. We disagree.

In the condemnation case *State by Humphrey v. Briggs*, 488 N.W.2d 811 (Minn.App.1992), *pet. for rev. denied* (Minn. Sept. 15, 1992), the court held that property valuation evidence based upon proposed commercial development was admissible where the trial court properly considered whether rezoning from residential to commercial was likely to occur.[2] The court stated:

> [e]vidence of value for uses prohibited by an ordinance is admissible "only where there is evidence showing a reasonable probability that the ordinance will be changed in the near future." The probability of rezoning to permit a proscribed use may only be considered by the trier of fact if the prospect of rezoning was sufficiently likely to have an appreciable

influence upon the market value on the date of acquisition.

*Id.* at 814–15 (citations omitted).

The city appraiser acknowledged the two parcels were zoned RB which allows for hotels and motels, class I restaurants, recreational facilities, and with conditional use permits, truck stops and car washes. Although the city appraiser denied he assumed the city would permit higher commercial uses on appellant's property when he valued the parcels, he testified that his valuation reflected the "highest and best use" of the property. The city presented no evidence that it likely would rezone the property to permit more intensive commercial uses.

Even so, *Briggs* does not lead us to conclude the trial court abused its discretion in admitting the valuation evidence. In the first place, *Briggs* involved the likelihood of rezoning from residential to commercial, a more drastic land use change than here, where appellant's parcels are currently zoned commercial roadside business and the appraiser compared the property to other commercial property that permits community shopping centers. The appraiser could find no comparable RB property in Eagan. Although the city appraiser considered property in Eagan and Apple Valley zoned for higher commercial use, the record demonstrates the appraiser took into account those differences in comparing the properties to the two RB parcels. Furthermore, both zoning designations allow for uses which generate high traffic. The

---

1. It is not even clear that appellant's premise, that Diffley Road was adequate before the expansion, is correct. The record does not clearly establish that Diffley Road adequately served the two RB parcels. Appellant presented average daily traffic volume data from the Minnesota Department of Transportation indicating that 9,900 vehicles used Diffley Road at Johnny Cake Ridge Road. The data further showed that 13,-500 vehicles use Diffley Road west of Interstate 35E and that 12,500 vehicles use the road as it goes farther west. East of Johnny Cake Ridge Road, an average of 8,200 vehicles use Diffley Road between Thomas Road and Pilot Knob Road. On the two lane portion of Diffley as it continues eastward, the volume tapers from an average of 7,400 to 2,200 vehicles where Diffley Road remains a two-lane roadway. The traffic volume data does not prove that Diffley Road

was adequate as a two lane roadway at Johnny Cake Ridge Road. Furthermore, Diffley Road west of Interstate 35E and Diffley Road at Pilot Knob Road had been improved to four-lane roadways. The improvement of Diffley Road east of Interstate 35E past appellant's property to a four-lane roadway conforms to these prior improvements, indicating that expansion may have been a necessary improvement and that the existing roadway was not adequate.

2. Evidentiary rules in eminent domain proceedings apply in special assessment cases. *See Southview Country Club*, 263 N.W.2d at 388 n. 4 (Minn.1978) (special benefits are evaluated the same in eminent domain and special assessment proceedings).

city appraiser testified that the "difference of the values of the zoning is not significant." His valuation reflected differences in location but not necessarily for zoning because RB and CSC zoning both permit "intensive commercial uses." We conclude the city appraiser's valuation was not based upon the possibility of rezoning, and the trial court did not abuse its discretion in admitting the evidence.

■ The trial court weighed the testimony of the two experts and credited the city appraiser's valuation analysis. Viewing the record as a whole, the evidence supports the finding of the trial court that the improvement benefitted the property and increased the value on the property more than the amount of the special assessment. *See DeSutter*, 489 N.W.2d at 239.

## II.

■ Appellant next argues that the trial court erred in admitting portions of the city appraiser's report that allegedly contained hearsay and in relying on this evidence in the findings of fact. Although the trial court erred, we conclude the admission of the report was not prejudicial error.

The question of whether to admit or exclude evidence rests in the broad discretion of the trial court and its ruling will not be disturbed unless it is based on an erroneous view of the law or constitutes an abuse of discretion. *Reinhardt v. Colton*, 337 N.W.2d 88, 93 (Minn.1983). Entitlement to a new trial on the grounds of improper evidentiary ruling rests upon the complaining party's ability to demonstrate prejudicial error. *Midway Center Assocs. v. Midway Center, Inc.*, 306 Minn. 352, 256, 237 N.W.2d 76, 78 (1975).

Appellant objected on hearsay grounds to the admission of portions of the city appraiser's lengthy report. The trial court admitted the evidence stating "I'm not going to pay much attention [to the report] except these comparables and the grids." A review of the findings, however, indicates the trial court did pay attention to more than the comparables and grids.

■ Appellant contends some of the trial court's findings are erroneously based upon the inadmissible portions of the city appraiser's report. The city apparently concedes that certain portions of the appraisal report contain inadmissible hearsay. However, based upon our review of the findings, we conclude that appellant has not demonstrated prejudicial error.

1. Substandard rural design two-lane roadway.

The trial court found that Diffley Road prior to Project 533 was a "substandard rural design two-lane roadway." The city appraiser described Diffley Road as such in his report while at trial described it as a "two-lane 24–foot surfaced road." The city engineer described Diffley Road as a "two-lane rural, gravel shoulder, with ditch drainage [road]." The trial court's reliance on the hearsay statement in the report to characterize Diffley Road before improvement as "substandard" was not prejudicial error.

2. Titles of the appraisers

The trial court described appellant's appraiser as "a real estate broker and appraiser" and the city appraiser as "a certified federal general appraiser." Appellant's appraiser at trial testified he was "licensed by the State of Minnesota as a federal general category, licensed appraiser." The city appraiser at trial stated he was a "certified general appraiser." The report contains the curriculum vitae of the city appraiser in which he describes himself as a "certified federal general real property appraiser." At other places in the report, the appraiser describes himself as a certified federal appraiser. Although the trial court relied on the city appraiser's valuation analysis in concluding the project increased the value of the RB parcels in excess of the special assessment, any error in relying on the report for the appraiser's true title was not prejudicial.

3. Benefits to the RB parcels

This finding presents a more complex issue. The trial court relied in part on the

hearsay portion of the appraisal entitled "Benefits/Advantages of Road Improvement." The trial court found:

> without the four-lane improvement of Diffley Road appellant's two RB parcels would never have developed into a commercial use for the following reasons: One, a 1990 traffic count indicated that Diffley Road had 13,500 vehicles using it to the west of I–35E and 9,900 vehicles using it to the east of I–35E. Such high traffic numbers clearly overburdened the former two-lane roadway, and the upgrading in 1990 greatly improved the access qualities for the traveling public that will patronize businesses to be located on appellant's two parcels. Two, lands can be expected to remain vacant and unoccupied until acceptably designed roadways are provided, which ensure safe ingress and egress for the public. And, third, minor arterial roadways, such as the improved Diffley Road, designed to accommodate more traffic volume in turn attract new businesses to lands located next to them.

The average daily traffic data was admitted as evidence and indicates that an average of 12,500 vehicles use Diffley Road at a point where it remains a two-lane roadway. This evidence contradicts the trial court's finding that Diffley Road at Johnny Cake Ridge Road was "overburdened" with 9,900 vehicles. In fact, neither party presented evidence that Diffley Road prior to the improvement was "adequate" or "overburdened." This portion of the finding, based upon inadmissible hearsay, is contrary to the evidence and is clearly erroneous. *See* Minn.R.Civ.P. 52.01. Additionally, the finding that vacant property is expected to remain unoccupied until acceptable roadways are constructed is also without evidentiary support in the record, except for the hearsay portion of the appraisal report. Finally, the finding that minor arterial roadways attract new businesses to land located next to such roadways is not adequately supported by the record. We conclude that finding is not supported by the record. *See DeSutter*, 489 N.W.2d at 239. However, the court noted this particular finding was ancillary and provided mere additional support for its affirmance of the special assessment. Even without this finding, the evidentiary findings weighing the market comparison data of the appraisal experts and crediting the city appraiser's valuation support the decision that the Diffley Road project increased the value of the two RB parcels by an amount in excess of the special assessment. *See id.* The admission of the city appraiser's report was not an error mandating a new trial. *See Midway Center*, 306 Minn. at 356, 237 N.W.2d at 78.

## DECISION

The trial court properly found that appellant's property received a special benefit exceeding the amount of the assessment.

**Affirmed.**