**STATE of Minnesota, Appellant,**

v.

**James Robert PLUMMER, Respondent.**

No. C4–93–1975.

Court of Appeals of Minnesota.

Jan. 18, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James C. Backstrom, Dakota County Atty., Charles A. Diemer, Asst. County Atty., Hastings, for appellant.

Wayne Jagow, Burnsville, for respondent.

Considered and decided by CRIPPEN, P.J., and HUSPENI and SHORT, JJ.

## OPINION

CRIPPEN, Judge.

The State of Minnesota appeals dismissal of a grand jury indictment of respondent James Plummer for criminal vehicular homicide and criminal vehicular operation. Minn. Stat. § 609.21, subds. 1(1), 2a(1) (1992).

## FACTS

On November 8, 1992, respondent James Plummer was driving westward on Highway 13 and struck a car driven by Christopher Stout. Stout was killed and his wife, Cathy Stout, was substantially injured. Stout was in the intersection on a green light waiting to make a left turn; respondent came straight through the intersection though his traffic signal was red. The road conditions were wet. A blood test showed that respondent had not been drinking.

Trooper Harold Marty, an accident investigator, testified that respondent's car was 490 feet from impact when the light turned red if the car was traveling 50 miles per hour. If it had been traveling faster, it would have been even farther away from the intersection when the light turned red. The only evidence of speeding came from David Kaus, who testified that respondent was possibly traveling at 60 or 65 m.p.h. Kaus and his passenger both saw respondent brake in the last seconds before impact.

At the scene of the accident respondent told Trooper Daniel Erspamer that he had been looking at his brother and only saw the light as he glanced up to find he was entering the intersection on a red light. Respondent did not testify before the grand jury. The brother testified that he saw the light change and warned respondent, who braked immediately but it was too late to avoid the accident.

Appellant contends that the trial court erred when, upon respondent's motion, it dismissed the counts of criminal vehicular homicide and criminal vehicular operation resulting in substantial bodily harm. Minn.Stat. § 609.21, subds. 1(1), 2a(1). The trial court found that the defendant was not speeding and that, while defendant's conduct was negligent, his conduct did not rise to the level of gross negligence.

## ISSUE

Is there probable cause to find gross negligence has occurred where driver had approximately 490 feet to see red light prior to intersection, there was evidence of speeding and the road conditions were wet?

## ANALYSIS

"A grand jury proceeding is not a trial on the merits, and jurors do not determine guilt or innocence, but rather determine if there is probable cause to believe the accused has committed the crime." *State v. Scruggs*, 421 N.W.2d 707, 717 (Minn.1988). The grand jury proceeding is neither an adversarial proceeding nor an adjudication; an indictment is not a conviction. If the indictment stands, it remains to be determined whether the state can meet its burden at trial to prove guilt beyond a reasonable doubt.

A defendant may properly challenge an indictment on the ground that the evidence before the grand jury was not sufficient to establish the offense charged. Minn. R.Crim.P. 17.06, subd. 2(1)(a); *see State v. Miller*, 471 N.W.2d 380, 382 (Minn.App.1991). A pretrial order dismissing an indictment is appealable of right by the state. Minn. R.Crim.P. 28.04, subd. 1(1); *State v. Serstock*, 390 N.W.2d 399, 402 (Minn.App.1986), *aff'd in part, rev'd in part*, 402 N.W.2d 514 (Minn.1987).

■ In most instances the proper standard of review upon appeal by the state of a pretrial order in a criminal matter is to determine whether the state has demonstrated "clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact

on the outcome of the trial." *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977). In appeals from pretrial orders where the trial court heard testimony, "[t]he trial court's findings are erroneous if, after viewing the record, this court reaches a firm conviction that a mistake has been made." *State v. Hookom*, 474 N.W.2d 624, 628 (Minn.App. 1991) (reviewing suppression of defendant's statements). Where the facts are not in dispute, the reviewing court may independently review the facts and determine, as a matter of law, whether the pretrial order was correct. *See State v. Othoudt*, 482 N.W.2d 218, 221 (Minn.1992) (reviewing suppression of evidence).

Because the defendant's interest upon dismissal of an indictment is usually greater than the state's interest, we proceed cautiously in reviewing the trial court's dismissal. Where the state often has the opportunity to seek another indictment, to allow an indictment "to stand when the allegations may not be supported by probable cause * * * would result in requiring the defendant to stand trial, and to bear the expense and ignomy of a trial which is not justified." *State v. Grose*, 387 N.W.2d 182, 186–87 (Minn.App.1986).

■ Here the trial court found, inter alia, that respondent had not been speeding and that he was not guilty of gross negligence. But the weight of contradicted evidence and credibility of witnesses are jury questions. *Mayzlik v. Lansing Elevator Co.*, 241 Minn. 468, 473, 63 N.W.2d 380, 384 (1954); *State by Humphrey v. Briggs*, 488 N.W.2d 811, 816 (Minn.App.1992), *pet. for rev. denied* (Minn. Sept. 15, 1992). As with a petit jury, a grand jury can believe some witnesses and disbelieve others. The trial court made its findings from no more information than is available to this court, the grand jury transcript. Because it did not observe the witnesses, the traditional deference to factfinding by the trial court is unnecessary.

■ Thus, the standard of review of the dismissal of an indictment is not "clear and unequivocal error" on the part of the trial court. The proper focus of inquiry is the grand jury's determination of probable cause to believe the alleged offenses occurred, with deference to the grand jury's factfinding role. A presumption of regularity attaches to a grand jury indictment and only in a rare case will an indictment be invalidated. *State v. Inthavong*, 402 N.W.2d 799, 801 (Minn.1987); *see also Scruggs*, 421 N.W.2d at 717 ("a criminal defendant bears a heavy burden when seeking to overturn an indictment").

■ In probable cause motions under Minn.Crim.P. 11.03, the entire record is reviewed. *See State v. Diedrich*, 410 N.W.2d 20, 22 (Minn.App.1987). By analogy, it is appropriate on review to consider all of the evidence before the grand jury, including exculpatory evidence.[1]

■ In this case, where some evidence of speeding exists, the trial court cannot substitute its judgment for that of the grand jury and find that the defendant had not been speeding. Similarly, negligence is a fact question. *Block v. Target Stores, Inc.*, 458 N.W.2d 705, 712 (Minn.App.1990), *pet. for rev. denied* (Minn. Sept. 28, 1990). Thus, it is proper to dismiss the indictment only where there are no issues of fact and defendant's conduct could not rise to the level of gross negligence as a matter of law. Such is not the case here.

To be guilty of criminal vehicular homicide or injury, respondent's conduct must constitute gross negligence, or negligence plus intoxication. Minn.Stat. § 609.21, subds. 1(1), 2a(2); *State v. VanWert*, 442 N.W.2d 795, 797 (Minn.1989). Not every violation of a statute constitutes gross negligence. *See Miller*, 471 N.W.2d at 383 (indictment for criminal vehicular homicide properly dismissed because violation of safety inspection regulation without driving misconduct does not constitute gross negligence).

---

1. In Minnesota prosecutors generally have a duty to disclose exculpatory evidence to the grand jury. *See State v. Moore*, 438 N.W.2d 101, 104 (Minn.1989); *State v. Olkon*, 299 N.W.2d 89, 105–06 (Minn.1980) (citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (suppression of exculpatory evidence requested by accused violates due process)). *But see U.S. v. Williams*, —— U.S. ——, ——, 112 S.Ct. 1735, 1745, 118 L.Ed.2d 352 (1992) (federal prosecutors have no duty to present exculpatory evidence to grand jury).

Gross negligence is substantially higher in magnitude than ordinary negligence and is defined as "very great negligence or absence of even slight care." *Id.* (citing *State v. Bolsinger*, 221 Minn. 154, 159, 21 N.W.2d 480, 485 (1946)). Gross negligence for criminal vehicular cases requires "the presence of some egregious driving conduct coupled with other evidence of negligence." *Miller*, 471 N.W.2d at 384.

Here there was evidence that respondent had approximately 490 feet to observe the red light prior to entering the intersection, that the roads were wet, and that he was speeding. The grand jury heard respondent's admission to the state trooper that he was not watching the road because he was looking at his brother. This is sufficient to find probable cause to believe that respondent acted with gross negligence. *See State v. Iten*, 401 N.W.2d 127 (Minn.App.1987) (indictment proper where defendant failed to check brakes as required by law, observed red light 320 feet prior to intersection, downshifted and moved into left lane but still struck car and killed driver, and there was no evidence of speeding or drinking).

## DECISION

Given the deference due a grand jury's factfinding the dismissal of the indictment was improper. The jury had probable cause to believe respondent committed offenses of criminal vehicular homicide and criminal vehicular operation resulting in substantial bodily harm.

**Reversed.**